# HARDIN et al., Appellants, v. CITY OF CARTHAGE.

Division Two, January 9, 1903.

1. **Appellate Jurisdiction: CONSTITUTIONAL QUESTION: MUST BE PROPERLY RAISED.** A mere allegation in the petition that the acts done and threatened to be done by the defendant are unlawful for the reason that they are in violation of the Constitution, does not so involve a constitutional question as to give the Supreme Court jurisdiction

over the appeal. It is only when a constitutional question has been properly raised and passed upon by the trial court, and ruled upon adversely to the party appealing, that the Supreme Court acquires jurisdiction of the appeal on account of a constitutional question being involved.

2. ————: ————: DISMISSAL FOR FAILURE TO PROSECUTE. Plaintiffs brought suit in term time, asking that defendant city be enjoined from holding an election for the purpose of establishing an electric light plant, and alleging that the acts threatened to be done by the city were in violation of their constitutional rights. Summons issued and was made returnable, not to the next term, but to the term after the next term. Defendant at once entered its appearance, and filed an answer, and a motion asking for hearing during that term, which being sustained and the cause set down for a day certain, plaintiffs moved to set this order aside, which was also overruled, and the day for trial coming on and the plaintiffs coming not the court dismissed the petition for want of prosecution, and from an order refusing to set aside the dismissal, plaintiffs appeal. *Held,* that there is no constitutional question in the case, but the only questions are whether or not the case was properly dismissed, and whether or not the case was triable at the same term at which summons issued.

Transferred from Kansas City Court of Appeals.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Howard Gray* and *Thomas & Hackney* for appellants.

*McReynolds & Halliburton* and *H. J. Green* for respondent.

BURGESS, J.—This suit was begun in the circuit court of Jasper county to enjoin defendant city from holding an election for the purpose of establishing and maintaining an electric light plant in said city.

The petition was filed in the office of the clerk of the circuit court of said county on December 23, 1898, while the December term of said court was in session, and summons sued out for defendant on the same day, returnable to the June term, 1899, of said court, although a regular March term intervened. The summons was served on December 24, 1898. On January 3, 1899, de-

fendant entered its appearance in said cause, filed its answer and after having notified plaintiff thereof, filed its motion asking the court that the cause be set down for hearing during the December term of said court, which was then in session. The motion was sustained and the cause set for hearing on February 6, 1899. On February 4, 1899, plaintiffs filed their motion to set aside said order, which motion was by the court overruled.

On February 6, 1899, when said cause came on for hearing, plaintiffs failed to appear, and the cause was dismissed for failure of plaintiffs to prosecute. In due time plaintiffs filed motion. to set aside said order of dismissal, which being overruled, they saved their exceptions, and appealed the case to the Kansas. City Court of Appeals. That court transferred the case to the Supreme Court, because of the want of jurisdiction to hear the same, there being a constitutional question involved. It is said that this appears from the petition in which it is alleged that the acts done and threatened to be done by the city were unlawful for the reason that they were in violation of the Constitution of the State.

It seems to us that the sole and only questions presented by this appeal are with respect to the action of the court below in setting the case for trial at the December term of the court during which the summons was issued, when the summons was made returnable to the June term of said court next thereafter, when there was a regular March term which intervened, and in dismissing the suit for want of prosecution. Under the circumstances no other question could be passed upon by this court, hence, nothing which would give it jurisdiction, and, as jurisdiction must rest either in this court or the Kansas City Court of Appeals, it logically follows that it is within that court.

It is only when a constitutional question has been properly raised and passed upon by the trial court, and ruled adversely to the party appealing, that this court acquires jurisdiction on account of such constitutional

question being involved.    Thus in Browning v. Powers, 142 Mo. 322, it is said:

"The appellate jurisdiction of the Supreme Court contemplates a review only of the matters submitted to and examined and determined by the trial court. Hence, it is well settled that this court has no jurisdiction of an appeal on the ground that a constitutional question is involved unless the question was raised in and submitted to the trial court."

So in Town of Kirkwood v. Johnson, 148 Mo. 632, it is said, "Unless the record shows that a question involving the Constitution was fairly and directly raised and passed upon by the trial court, this court has no jurisdiction on that ground."

We are of the opinion that the jurisdiction of this court does not appear, and that the cause should be re-transferred to the Kansas City Court of Appeals, and it is accordingly so ordered.    All concur.