THE STATE v. AERIAL HARTMAN, an Infant, et al.; LUELLA HARTMAN, Grandmother, Appellant.

Division Two, June 4, 1920.

1. APPELLATE JURISDICTION: Constitutional Question: Faith and Credit Clause. Constitutional questions, in order to confer jurisdiction on the Supreme Court, must be both timely and properly raised and preserved for review. The action of the trial court in determining the faith and credit due to the public acts, records and judicial proceedings of a court of another state, as well as a motion to dismiss filed in the trial court, are matters of exception, and can be preserved for review in an appellate court only by a bill of exceptions; and if the record fails to show that a bill was filed, or if filed it is not contained in the record presented, the Supreme Court does not have jurisdiction on the ground that such matters involve a constitutional question.

2. ———: Special Appeal: Transfer to Court of Appeals. A case in which a special appeal has been granted by one of the judges of the Supreme Court cannot, upon its becoming apparent that the Supreme Court has no appellate jurisdiction, be transferred to a court of appeals, but must be dismissed. Section 3938, Revised Statutes 1909, does not apply to such a case, but is limited in its meaning to appeals granted by the trial court.

Special appeal from Juvenile Division, Jackson Circuit Court.—*Hon. Allen C. Southern*, Judge.

DISMISSED.

*Frans E. Lindquist* for appellant.

(1) The findings and judgment are contrary to and in violation of Section 1 of Article 4 of the Constitution of the United States in that it fails to give full faith and credit to the public acts, records, and judicial proceedings of the State of Kansas, and the court erred in overruling said motion to dismiss. Marin v. Augedahl, 247 U. S. 142; Tootle v. Buckingham, 190 Mo. 183. (2) The findings and judgment are contrary to and in viola-

tion of Article 6 of the Constitution of the United States, and Section 905 of the Revised Statutes of the United States, being the supreme law of the land, in that the judge of said Juvenile Court refused to be bound thereby, anything in the Constitution or laws of the State of Missouri to the contrary notwithstanding. Marin v. Augedahl, 247 U. S. 142; Tootle v. Buckingham, 190 Mo. 183. (3) The said findings and judgment insofar as they apply to said Luella Hartman, are *coram non judice* and void. Reynolds v. Stockton, 140 U. S. 265; State ex rel. v. Muench, 217 Mo. 124. (4) The findings and judgment cannot exceed the allegations of the petition. Reynolds v. Stockton, 140 U. S. 265; State ex rel. v. Muench, 217 Mo. 124.

*Frank W. McAllister,* Attorney-General and *Henry B. Hunt,* Assistant Attorney-General, for respondent.

(1) The motion to quash and dismiss the proceedings in this cause being a matter of exception, should have been embodied in a bill of exceptions. No bill of exceptions has been filed in this cause. Stark v. Zehnder, 203 Mo. 449; State v. Coleman, 199 Mo. 118; State v. Finley, 234 Mo. 603; State v. Humfeld, 253 Mo. 340. (a) Only the record proper is before the court. State v. Long, 214 Mo. 325; State v. Foley, 214 Mo. 309. (b) As the appeal in a criminal case must be perfected as required by civil statute, the above citations on criminal cases are applicable. State v. Connors, 258 Mo. 333. (2) No constitutional question is raised by the record filed in this case. Mo. Cons. sec. 12, art. 6; Sec. 5 of Amendment 1884. (a) The circuit court has no jurisdiction of a cause on the ground that it involves the construction of the Constitution of the United States, unless the record as it existed when the case was appealed shows that the constitutional Bennett v. Railway, 105 Mo. 644; State ex rel. v. Smith, question was fairly and directly raised in the trial court. 176 Mo. 48; Miller v. Connor, 250 Mo. 684; Hardwicke v. Wurmser, 264 Mo. 141; Littlefield v. Littlefield, 272

Mo. 165; Shewalter v. Railway, 152 Mo. 551; Louisiana v. Lang, 251 Mo. 665. (a) Constitutional questions must not only be timely and properly raised, but, to confer jurisdiction on this court, they must be preserved for review. Louisiana v. Lang, 251 Mo. 666. (3) As this record does not disclose any constitutional question raised in the trial court, this cause should be transferred to the Kansas City Court of Appeals, or be dismissed. Sec. 2038, R. S. 1909; Mo. Cons. sec. 12, art, 6; Sec. 5, Amendment 1884; Sec. 3938, R. S. 1909; Ex parte Webbers, 205 S. W. 623.

WILLIAMS, P. J.—This is an appeal from the judgment of the Juvenile Division of the Circuit Court of Jackson County.

A special appeal in this case was granted by one of the judges of this court on May 29, 1919, acting under the authority conferred by Section 2043, Revised Statutes 1909. Said statute, among other things, provides as follows: "Any judge of the Supreme Court or either of the courts of appeals, respectively, in cases appealable to said courts, upon inspection of a copy of the record, may grant an appeal by special order for that purpose at any time within one year next after the rendition of the final judgment or decision in the cause," etc.

From appellant's abstract of the record it appears that this is a suit under the Juvenile Court Act (Laws 1911, p. 177 et seq.), and was originally instituted in the Juvenile Division of the Circuit Court of Jackson County by the filing therein of a petition which in substance alleged that Aerial Hartman was a neglected child under the age of seventeen years, etc., and that she was suffering from the cruelty and depravity of her father.

A hearing was had upon this petition, at which hearing the father, and also the grandmother (the present appellant), appeared in the cause in person and by attorney.

After a hearing duly had the court entered a judgment; this judgment in substance recites that the court finds that said Aerial Hartman is a neglected child within

the meaning of the statutes of the State and that the said
father and grandmother are not proper persons to have
the custody of said child; the child is made a ward of
the Juvenile Court of Jackson County; the court further
finds that one Gothard E. Henry and his wife are fit and
proper persons to have custody of said child for the
present; and remands said child to their custody until
the further order of the court.

I.   It was undoubtedly the theory of the learned
(now departed) Brother who granted this appeal, that
a constitutional question was involved which would con-
fer jurisdiction of this appeal upon this
court. But an examination of the record
now presented for our review fails to
present such a question or in fact any question which
would confer jurisdiction upon this court.

Constitutional
Question.

Appellant in her brief alleges that the court violated
Section 1 of Article IV of the Constitution of the United
States in that the court failed to give full faith and credit
to the public acts, records and judicial proceedings of
the State of Kansas.

It does not appear that a bill of exceptions was ever
made out or filed in the case. There is no bill of excep-
tions contained in the record before us. The action of
the trial court in determining the faith and credit due the
alleged proceedings of a court of another state, as well
as the motion to dismiss filed in the trial court, were mat-
ters of exception and could only be preserved for our
review by being properly preserved in a bill of exceptions.
So far as the present record discloses this was not done.
It therefore follows that the constitutional question now
urged in the brief has not been preserved in such a man-
ner as will confer jurisdiction of this appeal upon this
court. "Constitutional questions must not only be timely
and properly raised, but, to confer jurisdiction on this
court, they must be preserved for review." [Louisiana
v. Lang, 251 Mo. 664, l. c. 666.]

II.  It is suggested by the learned Attorney-General that this cause should be transferred to the Kansas City Court of Appeals under the provisions of Section 3938, Revised Statutes 1909, which provides that, "in the event of any case being sent from a lower Court on Appeal or writ of error to the wrong Court of Appeals or the Supreme Court, it shall be the duty of the court to which the case has thus been sent, immediately on such fact coming to its attention, to direct its clerk to forward the transcript therein, with the order of transfer, to the clerk of the proper court of appeals," etc.

After carefully considering the language of the above statute we are of the opinion that the word appeal as therein used should be limited in its meaning to an appeal granted by the trial court, and that it does not include special appeals granted by appellate judges under Section 2043, Revised Statutes 1909.

We think Section 2043, supra, when properly construed, means that the special appeal therein mention· can be granted *only* by some judge of the court to which the case is applicable, and that under that statute a judge of one appellate court would have no power or authority to grant a special appeal to some appellate court of which he was not a member.  If that be the correct construction (and we think it is), then the Kansas City Court of Appeals has acquired no right to review this case upon the special appeal granted by one of the judges of this court.

That being true the transfer statute (Sec. 3938, supra) can have no application.

It would therefore appear that upon the present record no appellate court has jurisdiction to review this case upon the special appeal heretofore granted.  Such being the case it follows that the special appeal heretofore granted herein should be dismissed.

It is so ordered.  All concur.