NICK PLATIES v. THEODOROW BAKERY COMPANY and the FIDELITY AND CASUALTY COMPANY OF NEW YORK, a Corporation, Appellants.— 66 S. W. (2d) 147.

Court en Banc, December 22, 1933.

*George A. Hodgman* and *Albert E. Cunliff* for appellants.

*John A. Dowdall, Sam Hatupin, Alroy S. Phillips* and *Charles S. Sigoloff* for respondent.

FRANK, J.—This is a Workmen's Compensation case. On June 25, 1930, the Compensation Commission made an award in favor of the employer and insurer. On appeal to the circuit court, that court on March 2, 1931, set aside the award made by the commission, made a new finding of facts, and rendered judgment on the facts so found in favor of claimant. The case is here on a special appeal granted by this court on February 6, 1932.

Respondent raises the question of our jurisdiction, contending that the amount in dispute, exclusive of costs, does not exceed the sum of seventy-five hundred dollars.

The circuit court found, among other things, that there was due the employee from the employer and insurer, as provided in the Workmen's Compensation Act, for temporary total disability the sum of $20 per week for not more than four hundred weeks during the continuance of such disability, payable once every two weeks, the first payment being due July 15, 1929, on which there had been paid the sum of $60 and no more.

After making its own finding of facts, the circuit court rendered the following judgment.

"Wherefore, it is ordered, adjudged and decreed that the employee do have and recover of the employer and insurer, as provided in the Workmen's Compensation Act, for temporary total disability the sum of $20 per week for not more than 397 weeks during the continuance of such disability, payable every two weeks commencing July 29, 1929, together with his costs, and that execution issue therefor."

Appellant claims that the amount in dispute is $7,940. He supports this claim by the contention that the judgment in question is a judgment for twenty dollars per week for 397 weeks which amounts to $7,940.

We do not so construe the judgment. We interpret it as being a judgment for twenty dollars per week during the continuance of the disability. The only figure the 397 weeks cut is to place a limit

beyond which the weekly payments may not go. The judgment is not that the weekly payments shall continue for 397 weeks or for any specified number of weeks, but during the continuance of the disability, which of course is problematical. The judgment follows the statute. The statute does not authorize a judgment for any definite number of weeks or for any definite amount. The governing statute, Section 3313, Revised Statutes 1929, reads as follows:

"For temporary total disability the employer shall pay compensation for not more than four hundred weeks *during the continuance of such disability,* but not less than six nor more than twenty dollars a week, with full wages if the average earnings amount to less than six dollars a week." (Italics ours.)

Our jurisdiction to determine an appeal must affirmatively appear from the record of the trial court at the time the appeal is taken. "Nothing that subsequently occurs may be invoked either to confer jurisdiction or to show that the appeal was one falling within our jurisdiction." [Shroyer v. Missouri Livestock Commission Co., 332 Mo. 1219, 61 S. W. (2d) 713, 716.] If we have jurisdiction in this case it is because the amount in dispute, exclusive of costs, exceeds $7,500. The judgment is for twenty dollars per week for not more than 397 weeks during the continuance of the disability. Plaintiff's right to collect twenty dollars per week under this judgment is contingent upon the continuance of the disability. Not knowing how long the disability will continue the amount in dispute may or may not exceed $7,500. A mere chance that the amount in dispute may exceed $7,500 does not give this court jurisdiction. In Stuart v. Stuart, 320 Mo. 486, 8 S. W. (2d) 613, this court determined a question of jurisdiction on a state of facts strikingly similar to the facts in this case. We there said:

"But what was the *amount* in dispute at the time the appeal was taken? The amount unconditionally due respondent under the order at that time was the first installment of alimony, $300, and the suit money—$3,060 in all. But, in addition to that sum of money, the order conferred upon her a future right, the right to $300 a month pending the appeal. What was the value of that right? If it could have been said with certainty that respondent would be entitled to exercise it for as long as one year and four months in the future, then the value of the right in addition to the money payable immediately under the order would have exceeded $7,500. But the right was not enforceable at all events for any definite length of time. It would terminate upon the disposal of the appeal, however and whenever it occurred. It would likewise come to an end if either of the parties died, or if they resumed conjugal relations. Its value was therefore contingent. We would not, we think, be warranted in assuming jurisdiction simply because the amount in dispute might fortuitously or by mere chance exceed $7,500. We are on firmer ground in holding, as we do, that the appellate jurisdiction of this court, on the ground

of the amount in dispute, attaches when, and only when, the record of the trial court affirmatively shows that there is involved in the controversy, independent of all contingencies, an amount exceeding $7,500, exclusive of costs. [Umlauf v. Umlauf, 103 Ill. 651.] Tested by this rule, we are clearly without jurisdiction of this appeal.''

We do have appellate jurisdiction in Workmen's Compensation cases where the claim is for the death of an employee and the amount awarded exceeds $7,500, although such amount is payable weekly. This is so because in death claims, the statute authorizes a recovery of a single total death benefit. The applicable statute, subsection (b) of Section 3319, Revised Statutes 1929, provides that ''The employer shall also pay to the total dependents of the employee a single total death benefit . . . payable in installments in the same manner that compensation is required to be paid under this chapter, but in no case less than at the rate of six dollars per week nor more than twenty dollars per week.''

It is clear from a reading of this statute that the dependents of a deceased employee are entitled to recover a *single total death benefit*. The fact that the total sum awarded is made payable weekly does not render the amount awarded uncertain. We have assumed jurisdiction in all such cases where the single total death benefit awarded exceeded $7500. Our right to do so is clearly discussed and determined in an opinion by ATWOOD, J., in the recent case of Shroyer v. Missouri Livestock Commission Co., 332 Mo. 1219, 61 S. W. (2d) 713. The clear distinction between a death claim, and a claim for temporary total disability, such as the case at bar, is that in the former the statute authorizes a judgment for a single definite lump sum, while in the latter the statute authorizes a judgment not to exceed twenty dollars per week for not more than four hundred weeks, during the continuance of the disability. In the former class of cases the amount in dispute is definitely fixed by the judgment, and if the amount so fixed, exclusive of costs, exceeds $7500, we have appellate jurisdiction. In the latter class of cases, of which the case at bar is one, the judgment must be not to exceed twenty dollars per week for an indefinite and undetermined number of weeks. From that character of a judgment, the amount in dispute cannot be definitely determined, and for that reason we do not have appellate jurisdiction in such cases.

For the reasons stated, we do not have jurisdiction to determine the appeal in this case. If the case were here on an appeal granted by the trial court, we would transfer it to the proper Court of Appeals for final disposition, but we do not have authority to transfer a cause that comes to this court by special appeal. We have so held. [State v. Hartman, 282 Mo. 680, 222 S. W. 442.] In this situation, we cannot do other than dismiss the appeal. It is so ordered. All concur.