T. G. MELVIN, EMPLOYEE, RESPONDENT-APPELLANT, v. HARRISON ENGINEERING & CONSTRUCTION COMPANY, EMPLOYER, LUMBER-MEN'S MUTUAL CASUALTY COMPANY, INSURER, APPELLANT-RESPONDENT.—107 S. W. (2d) 836.

Kansas City Court of Appeals. July 19, 1937.

*Paul E. Bindley* and *M. D. Campell, Jr.* for plaintiff.

*Sprinkle & Knowles* for insurer.

SHAIN, P. J.—T. G. Melvin, employee, on July 30, 1934, filed claim for compensation with the Workmen's Compensation Commis-

sion. The employer is designated as Harrison Engineering & Construction Company, and the insurer as Lumbermen's Mutual Casualty Company.

Compensation is asked for personal injury alleged as a result of an accident arising out of and in the course of employment. The accident and disability is alleged as of February 22, 1934. Injury is designated as back and head.

The claim presented on the above date was for 12 weeks of temporary disability. As to probable future disability same is designated as unknown.

As to how he was injured, the employee stated, "I was employed as a laborer on road work while helping to unload some steel matting one of the mats slipped on skids, struck me on the head and knocked me down."

The employer made general denial of the claim, save as to admitting that the relation of employer and employee existed at the time of the accident.

The employer particularly denies as to amount of weekly wage and denies that any disability extended further than March 7, 1934. Employer further denied that claimant's temporary disability was unknown and bases this denial on allegation, that employee returned to work on March 8, 1934.

A hearing was had before Orin H. Shaw, a member of the Commission, and a temporary award was made on October 16, 1934, wherein there was allowed for temporary total disability the sum of $10.25 per week from February 22, 1934 to and including November 15, 1934. The cause was continued and kept open until a final award could be made. It was provided in said award that if same be not complied with that same would be doubled in the final award if same be in accordance with the award as made.

On application for review a hearing was had before the whole Commission and a temporary partial award was made on January 9, 1935. This temporary award extended as to $10.25 per week to February 28, 1935, less a credit of 2 3/7 weeks employee worked. The same provision for doubling award if not complied with as in former award.

A further hearing was had and extension as to the $10.25 per week was made to April 2, 1935, with same provision as to doubling the amount.

There was a hearing and final award by the full Commission on March 25, 1936. The final award was as follows:

"For Medical Aid Dr. Ralph Mueller—$177.00 Masseur—$240.00 the sum of $417.00

"For Temporary total disability the sum of $10.25 per week for not more than 400 weeks during the continuance of such disability.

"For Penalty under Section 3344, R. S. Mo. 1929 a lump sum of $789.25, said payments to begin as of February 22, 1934 and to be payable and be subject to modification and review as provided in said Law."

In addition to a general finding of facts as to dates, amounts and other matters the Commission, makes:

ADDITIONAL FINDING OF FACT AND RULINGS OF LAW.

The record will show that this case has been heard by the Commission on six different occasions and three Temporary or Partial Awards have been issued, none of same having been complied with in any degree. The last hearing was held on January 13, 1936, and from the entire evidence submitted in this case we find that as a result of the accident of February 22, 1934, employee has been temporarily totally disabled since said date, except for 2 3/7 weeks he worked, and will be so disabled for an indefinite period in the future. This final award is issued, therefore, in accordance with section 3313, R. S. Mo. 1929, and in compliance with the law as interpreted by the St. Louis Court of Appeals in Platies v. Theodorow Bakery Company, 66 S. W. (2d) 147, 79 S. W. (2d) 504.

Employee, since the first Temporary or Partial Award was made, has asked that the amount thereof be doubled in compliance with section 3344, R. S. Mo. 1929. The Commission feels that this penalty should be meted out with extreme caution in order that an employer or insurer may not be unjustly penalized for their desire to litigate a contested point. On the other hand, we must not allow an employer or insurer to refuse to comply with a Temporary or Partial Award without reasonable cause. After a thorough consideratiton of all evidence in this case, we find that the insurer did not have reasonable cause for not complying with the awards issued, and they are subject to the penalty provided for in section 3344.

The last Temporary or Partial Award issued was on April 23, 1935, and provided for payment of compensation at the rate of $10.25 per week from February 22, 1934, to and including September 2, 1935; less 2 3/7 weeks which employee had worked, leaving a total compensable period of 77 weeks. Since this award was not complied with the Temporary Award, the amount not paid as per the Temporary Award of April 23, 1935, is hereby doubled and the insurer is ordered to pay in a lump sum the amount of said penalty, 77 weeks $10.25 per week, or $789.25.

28: Dated March 25, 1936.

29 Made by Edgar C. Nelson,
        Orin H. Shaw,
        Jay J. James,

Members Missouri Workmen's
Compensation Commission.
30. A true copy. Attest:
Helen Ross,
Ass't Secretary.''

From the final award of the Commission, the employer appealed to the Circuit Court of Clay County, Missouri.

A review was had before the Circuit Court of Clay County and the following is the judgment entry in that court.

''Now comes the parties in person and by attorneys, and this cause coming on for trial on appeal from the finding and judgment of the Missouri Workmen's Compensation Commission and the court having duly considered the record and evidence herein doth find that the part of the judgment and award of said commission assessing $789.25 as penalties against defendant be, and the same is hereby disapproved, disallowed and set aside.

''It is further ordered that said report, finding and judgment of said commission in all other respects or particulars be, and the same is hereby approved, ratified and affirmed.''

The employer has duly appealed from the aforesaid judgment in the Circuit Court and the employee has duly appealed from the judgment of the Circuit Court setting aside the award of $789.25 penalty.

The employer makes assignments of error as follows:

''I.

''The court acted without and in excess of its powers.

''II.

''The facts found by the Commission do not support the award.

''III.

''There is not sufficient competent evidence in the record to warrant the making of the award.''

The employee makes assignments as follows:

''The court erred in setting aside and disapproving that part of the final award doubling the temporary awards because:

''1. The employer and insurer admitted that the employee was entitled to two weeks compensation; that they tendered him only $11.25 as full and final compensation, when they admitted at the first hearing that the amount of the two weeks compensation was $20.50.

''2. The insurer never gave any reason or attempted to excuse the failure to pay the temporary awards, although over 77 weeks had passed between the date of the accident and the date of the final award.

''3. The final award of $10.25 per week was in accordance with the temporary awards, and it was within the discretion of the commission to double the temporary award.''

We will continue to refer to the parties as employee and employer and the term employer includes the insurer as well.

## OPINION.

The employer contends that the Workmen's Compensation Commission had not jurisdiction in this case for the reason the work being done was a project financed by the relief funds and was being carried on because of the depression and that it was necessary for the employer to take whatever persons were sent from the relief rolls and employer being limited to this roll constituted the employee an employee of the state and as such under the provisions of section 3303, R. S. Mo. 1929, is not covered by the Workmen's Compensation Commission.

As to the above contention, no authority is cited and there is no citation made to the record where any such a position has hithertofore been taken by the employer and it is astonishing that such claim is now made for the reason that it is shown by the record, that Arthur Wiebe, who appeared for employer and the Insurance Company, at the first hearing admitted that employee was working under the compensation act and stated as to the employee that, "He received an accidental injury, we are disputing the extent of the injury."

The employer herein was doing the work under contract and with full understanding that he was working under the compensation act and complied with the provisions as to insurance. It is not unusual for contracts to stipulate as to class of labor, and the source of the funds to pay the contractor has no bearing upon the question as to whether or not same is under the act.

Such question now injected into this case is not only untimely but frivolous as well.

The above being disposed of, the employer's appeal is left based upon the contention that there was not sufficient competent evidence to warrant the making of the award by the commission.

In reviewing as to such contention, we are restricted to the evidence only that is favorable to the employee and if there is shown any competent evidence to support the award it becomes our duty to affirm same.

Dr. James E. Stowers, called by the employee, testified as follows:

"Mr. Bindley: Did you have occasion at any time to examine this man here, Timothy G. Melvin? A. I have.

"Q. When did you make your examination, Doctor? A. July 27, 1934.

"Q. Was that at my request? A. It was.

"Q. Please state briefly his complaints to you at that time. A. Pain in the face and region of the scar every few days lasting ten or

fifteen minutes. No complaints referable to the upper extremities. There was complaint of both of his legs dragging, finds it difficult to get up steps. Walking seems to cause his legs to get weak. Pain in right side of his back and in spinal column. Some pain when in bed, some pain when sitting in a chair. Frequently has to change positions to relieve himself of the pain. When walking or working, finds it difficult to stoop over. When he is in bed he has to get on his left side or when in sitting position he has to raise his body with his hands on his knees.''

The doctor further testified:

''Testing the sensations there was noted a slight hypertrophy on the left side of the body. X-ray examination showed hypertrophic arthritis of the spine.

''Q. Now what was your diagnosis as a result of that examination? A. Lumbosacral sprain, more noticeable on the right side.

''Q. Is it your opinion that Mr. Melvin was able to work at the time of your examination? A. No, it was my opinion when I examined him on July 27, that he was unable to work.''

The employee at the first hearing testified as follows:

''Q. For the sake of the record just relate briefly how this accident occurred, just state what happened, what you were doing, what occurred. A. Well, I was up there unloading matting and I was on a flat car and had two pipes, two-inch water pipes set up for the matting to slide down on, one at a time and when they slid we would take them away and stack them, and the boss working there told us we should catch them and keep them from bending over and I answered him back, I says, 'Yes and somebody get hurt' and I told the fellow that was with me—

''Mr. Bindley: Well now, don't relate any conversations, just go ahead and tell what actually occurred, what happened. A. Well this fellow run in and grabbed the corner of the mat as I let loose of it to slide it down and it turned and caught me in the cheek, side of the head.

''Q. So this mat swung around and struck you on the left side of the head? A. Yes, sir.

''Q. Below the left temple? A. Yes, sir.

''Q. And what did it do? A. It knocked me—I fell on my hip which is already sprained from helping with the work there and fixed me so I couldn't walk. It has been bothering me ever since.''

Concerning his return to work, the employee testified as follows:

''Q. How does it bother you? A. Well, in walking, stooping over, trying to stoop over to work.

''Q. Are you able to lift anything? A. Not very much.

''Q. Do you have any pain? A. Yes, sir.

''Q. Is this pain continual or is it intermittent? A. Well, it is a draggy pain nearly all the time sometimes it hurts worse.

"Q. Does the position that you put yourself in have anything to do with the degree of pain that you have? A. Yes, sir.

"Q. Well tell us what. A. I have to favor myself sitting on different positions; when I lay on the bed of a night why I have to change my position every little while in order to hold the pain down.

Q. Are you able to make it up and down steps normally? A. No, sir.

"Q. How are you affected in that way? A. Well my legs gets weak, my leg and back, my leg seems weak and my back hurts. I have to put my hand on my knee to help myself.

"Q. Are you able to do much walking? A. No, no great amount, bothers me if I walk say three or four or five blocks, quarter of a mile, something like that, bothers me when I walk.

"Q. How does it bother, pain become greater or what? A. Drags on me.

"Q. Draggs? A. Yes, sir.

"Q. Now has this condition that you have described been a continuous one since the date of the accident? A. Nearly the same all the time, yes, sir.

"Q. Are you in your opinion able to go out and do a day's work today? A. No, sir I cannot.

"Q. Were you examined by Doctor James E. Stowers at my request? A. Yes, sir.

"Mr. Bindley: I think that is all."

There were several hearings had before the Commission and the evidence is somewhat voluminous. Suffice it to say that in the final hearing Dr. Mueller, who examined and treated the employee, testified as follows:

"Q. Is it my understanding then, that it is your opinion that this man will never be able to do heavy labor again? A. Yes, sir.

"Q. Now, is this condition due to the accident and injury which he has described to you as having suffered? A. I think it is due to the arthritis in his lumbar spine.

"Q. Which has been aggravated and activated by this injury? A. Yes, sir."

At the final hearing the employee, as to past and present conditions, testified as follows:

"Q. Had you injured your back more than once on this one job? A. Yes, I injured it a few days before I got this accident.

"Q. A few days before the accident of February 22nd? A. Yes, sir.

"Q. Had you made any complaints about your back to anybody prior to this accident? A. Yes. I asked the boss if he couldn't do something for me and he said to go ahead, he didn't think it amounted to anything.

"Q. You are speaking of the time you hurt your back a few days before this last accident? A. Yes, sir.

"Q. Other than that had you made any complaints to anybody around the job about your back hurting you? A. No.

"Q. Is it true that you took a special pride in doing work that other men couldn't do? A. Yes, sir.

"Q. How? A. Yes, sir.

"Q. What is your condition today in reference to the way you felt or your condition at the time of the last hearing in July, 1935? A. Just about the same.

"Q. Have you been taking any treatments since your last hearing in July? A. Yes, I taken treatments of Dr. Mueller.

"Q. Have those treatments done you any good? A. I get temporary relief for some one to three hours.

"Q. Then what happens? A. Then it seems to go back just the same as it was before.

"Q. Have you been doing any work since this accident? A. Just light work around my home, just what I had to do, my chores."

Concerning the claim he is making the employee testified:

"Q. So you are not making claim for anything else other than what is in that claim? A. Back and Head, that was all the places I was hurt."

Based upon the testimony quoted, we conclude there is sufficient evidence to sustain the award made by the Commission.

The employee has appealed from the judgment of the circuit court in setting aside the award of penalty made by the Commission.

Section 3344 of the Workmen's Compensation Commission reads as follows:

"Temporary or Partial Awards May Be Made.—In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount thereof may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award."

There is no appeal from a temporary or partial award. [State ex rel. v. Commission, 10 S. W. (2d) 916.]

As it is clearly shown that the employer failed to comply with the temporary or partial awards made by the Commission, we see no reason or justification for the act of the circuit court in setting aside the award for penalty.

Concerning this appeal the brief for the employer and insurance company contains the following:

"The appeal herein is not one which is governed by precedent. As a matter of fact there is no case in Missouri or outside so far as the

writer can find which approves the unwarranted action of the Workmen's Compensation Commission here. As was stated, there is a serious question of jurisdiction in this case which came out during the first hearing. The employer only sought to preserve its rights and not waive the same. The Commission by its action insists that the employer waive its rights. If the Commission can be upheld in its action herein, then the right of appeal is eliminated.''

Concerning the above, the record shows that in report of accident made by L. P. Brown, timekeeper of the employer, the following appears:

''9. Nature of employer's business Paving Highway.

''10. Has employer more than ten employees regularly employed in Missouri? A. Yes.

''11. Is accident under the Law? Yes. If not, answer questions 32-42 on reverse side hereof.''

As before stated, it stands admitted that the employer and employees were operating under the act.

In making the award and in applying the penalty the Commission appears to have followed the letter of the law. Such being the case, it appears that the claim being made by the employer and insurance company herein is directed at the provisions of the law rather than to the action of the Commission.

In theory the Workmen's Compensation Act is based upon principles of mutuality existing in the relationship of employer and employee and reading of the whole acts bears evidence to us that both parties were present at the making, and questions of claimed inequality as to mutuality are not for our determination. Our experience has revealed to us that when controversy arises the spirit of mutuality disappears and either side is prone to urge in its behalf such provision as best supports its theory and to urge application to the opposition of such provision as appears to oppose the theory of the opposite.

In other words, an action before the Workmen's Compensation Commission often turns out to be a very much disturbed peace conference that on slight provocation becomes a battle royal.

We conclude that the Commission stands justified by the evidence and by the law in the award made herein and the penalty awarded herein.

The action of the circuit court in upholding the award to the employee is sustained and affirmed and the action of the circuit court in disproving the final award doubling temporary award is refused.

It follows, that the award of the Workmen's Compensation Commission for medical aid, for temporary total disability and for penalty under section 3344, Revised Statutes of Missouri, 1929 is affirmed. All concur.