**Edward A. WINSLOW et al. (Plaintiffs), Appellants,**

v.

**Richard SAUERWEIN et al. (Defendants), Respondents.**

No. 28982.

St. Louis Court of Appeals. Missouri.

Nov. 16, 1954.

Hale W. Brown, Kirkwood, for appellants.

Robert G. Hoester, Meyer, Hoester & Coleman, Clayton, John Torrey Berger, St. Louis, George F. Heege, Clayton, for respondents.

HOUSER, Commissioner.

This is a suit in equity in two counts, brought by Edward Winslow and wife to enjoin Richard Sauerwein and wife from trespassing upon a 30′ strip of land which abuts the east side of plaintiffs' Lot 5 in Hillcrest No. 3, a subdivision in St. Louis County.

Plaintiffs alleged in Count I of their petition that those who platted the subdivision made a private dedication of a private street consisting of a 30′ strip off the east end of Lots 1-6 and that plaintiffs are the owners in fee simple of the strip at the east end of Lot 5. In Count II plaintiffs, pleading in the alternative, alleged their interest in the 30′ strip to be that of an exclusive easement in common with other lot owners in the subdivision for the private use of a private street. In both counts plaintiffs prayed for an injunction to prohibit defendants from further using and trespassing upon Lot 5 and the abutting 30′ to the east thereof.

Defendants Sauerwein filed an answer consisting of a general denial together with a special plea that neither the street nor any portion thereof was ever owned by plaintiffs and that plaintiffs have no right, title or interest therein. Defendants Sauerwein also filed a "counterclaim" alleging that the 30′ strip is an open and public street in the City of Kirkwood, in existence continuously since 1938, and used by the general public for more than ten years; that the city has maintained and repaired the street without cost to the abutting property owners; that since its dedication as a public street no taxes have been paid thereon; that plaintiffs have denied defendants Sauerwein the use of the street for ingress or egress to their abutting property; that neither plaintiffs nor the other abutting property owners have any right, title or interest in and to the street. Defendants Sauerwein prayed for an order "declaring said street to be an open and public street" and asked that the court "ascertain the rights of all parties to this cross petition."

By reply to defendants Sauerweins' counterclaim plaintiffs alleged that "the street in dispute herein is a private street and that all persons using same for the past ten years have done so in a peaceable manner and as guest invitees of the owner of said street," except the Sauerweins, and reasserted their ownership of the portion of the street abutting their lot.

The trial court entered a judgment finding the issues against plaintiffs on Counts I and II of the petition and against defendants Sauerwein on the counterclaim, and dismissed both plaintiffs' bill and defendants' counterclaim. A memorandum was filed in which the court found that plaintiffs, the owners of Lot 5 of Hillcrest No. 3, do not own fee simple title to the 30′ strip in controversy "but merely have an interest or easement therein, in common with others similarly situated, to use the same for ingress and egress to their property;" that the 30′ strip is a private

right-of-way and not a public street, but that no single owner of abutting lots can alone maintain a suit of this nature and consequently plaintiffs cannot recover on their petition and defendants cannot recover on their counterclaim.

Plaintiffs failed to file a notice of appeal within ten days after the judgment became final. Subsequently, however, on plaintiffs' motion, this court entered a special order permitting plaintiffs to file a delayed notice of appeal and in due course this special appeal was perfected.

■ At the threshold of the case we are confronted with a motion to dismiss on the ground that this court has no jurisdiction for the reason that the case involves the title to real estate, appellate jurisdiction of which is vested exclusively in the Supreme Court. Art. V, Sec. 3, Constitution of Missouri 1945 V.A.M.S. The question is whether the title to real estate is directly involved, or is in issue only collaterally or incidentally to the adjudication of injunctive relief. In the leading case of Chapman v. Schearf, 360 Mo. 551, 229 S.W.2d 552; Id., Mo.App., 220 S.W.2d 757, it was made clear that if under the pleadings a determination of title is not asked for and the inquiry into the validity of the claim of title is only to determine whether to grant or withhold the injunctive relief prayed, the issue is purely incidental or collateral and the title to real estate is not involved in the constitutional sense. On the other hand, where the pleadings ask for a determination of title, and the status of a road as public, or private with a merely prescriptive right to its use, is directly in issue as the basic thing in controversy, the relief sought raises a "title issue" and title to real estate is involved in such a manner as to affect the course of appellate jurisdiction.

■ The principal issue in the case at bar, as evidenced by the pleadings, the testimony and the trial judge's memorandum opinion, was whether the 30′ strip is a public street to which the general public has rights of ingress and egress, as contended by defendants Sauerwein, or merely a private street in which the lot owners in Hillcrest No. 3 have an easement in common for their exclusive private use as a private way, or in the alternative whether the 30′ strip abutting the east end of each of Lots 1–6 in Hillcrest No. 3 is owned in fee simple by the abutting lot owner in each instance. While the *petition* did not ask for a determination of title, the *counterclaim* did pray for affirmative relief (a declaration of rights) of the general nature as that prayed for in Chapman v. Schearf, supra. After alleging facts showing that the public has acquired a prescriptive right to the use of the street (by expenditure of public money, user, etc.) defendants Sauerwein prayed that the court *ascertain the rights of all the parties* and *declare the street to be an open and public street*. They sought an adjudication of the title to the 30′ strip of real estate and raised a title controversy involving an easement. The judgment sought by way of counterclaim would operate directly upon, and affect, the title. The status of the road was directly in issue. A determination of the issue in favor of defendants Sauerwein would not merely be personal to them, but would run with the land and enure to the benefit of the general public. Clearly a judgment declaring the strip to be a public street would directly determine title "in some measure or degree" adversely to plaintiff. Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S.W.2d 771, loc. cit. 774. This is not a case in which the ultimate relief sought is only in personam, where in order to settle the issues the title to land is only incidentally or collaterally involved, such as Gibson v. Sharp, Mo.Sup., 270 S.W.2d 721, loc. cit. 724, and cases cited. The title to real estate is involved in the constitutional sense, and this court does not have jurisdiction to decide this appeal. Chapman v. Schearf, supra; White v. Bevier Coal Co., Mo.App., 254 S.W.2d 42; Id., Mo.Sup., 261 S.W.2d 81; Larkin v. Kieselmann, Mo.Sup., 259 S.W.2d 785.

Under the Constitution of 1875 it was held in several cases, beginning with State

v. Hartman, 282 Mo. 680, 222 S.W. 442, that the statute directing the appellate court to which an appeal is improperly sent to cause the transcript to be forwarded to the proper appellate court (now § 477.080 RSMo 1949, V.A.M.S.) did not apply to special appeals granted by appellate judges but should be limited to appeals granted by the trial court. Accordingly, when an appellate court ascertained that it had no jurisdiction of a special appeal granted by one of its judges, the special appeal was dismissed. Aufderheide v. Polar Wave Ice & Fuel Co., 319 Mo. 337, 4 S.W. 2d 776; Platies v. Theodorow Bakery Co., 334 Mo. 508, 66 S.W.2d 147.

Under Art. V, Sec. 11, Constitution of 1945, there is serious doubt whether we have jurisdiction to dismiss a special appeal on the ground of lack of jurisdiction. That section provides:

> "In all proceedings reviewable on appeal by the supreme court or a court of appeals, appeals shall go direct to the court having jurisdiction thereof, but want of jurisdiction shall not be ground for dismissal, and the proceeding shall be transferred to the appellate court having jurisdiction thereof."

This is a new constitutional provision. It was not in effect at the time of the decision of the cases previously cited. The provision that "want of jurisdiction shall not be ground for dismissal" could be construed to apply to "all proceedings reviewable on appeal", including appeals specially granted. Such a construction would enable special appeals inadvertently granted to the wrong court to be heard on the merits on transfer. To adhere to the rule of State v. Hartman, supra, would often prevent disposition of such cases on the merits, because the time allowance of six months within which to file the special notice of appeal provided for in § 512.060 (1) RSMo 1949, V.A.M.S. will have expired in most cases, as in the instant case, by the time it is determined that application for a special order of appeal was made to the wrong appellate court.

In view of the mandate of Art. V, Sec. 11, Constitution of 1945, it is the recommendation of the Commissioner that respondents' motion to dismiss be overruled and that this appeal be transferred to the Supreme Court for determination.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The motion to dismiss is, accordingly, overruled and the appeal ordered transferred to the Supreme Court for determination.

RUDDY, Acting P. J., BENNICK J., and DAVID A. McMULLAN, Special Judge, concur.