**COX CHAPEL SCHOOL DISTRICT NO. 4 OF ATCHISON COUNTY, Missouri, et al., Appellants,**

**v.**

**ATCHISON COUNTY SUPERINTENDENT OF SCHOOLS et al., Respondents.**

**No. 52597.**

Supreme Court of Missouri, Division No. 1.

Dec. 11, 1967.

Beavers & Zahnd, by Joe Beavers, Maryville, Getscher & Getscher by Edwin A. Getscher, Hamberg, Iowa, Attorney for appellants.

Walter L. Mulvania, Rock Port, John M. Gerlash, Tarkio, Attorney for respondents.

WELBORN, Commissioner.

This is an appeal from a judgment of dismissal of an action seeking to enjoin the submission and effectuation of a proposed public school reorganization plan. The appellants assert that this court has jurisdiction of the appeal on the grounds that construction of the federal and state constitutions is involved within the meaning of § 3 of Article V, Constitution of Missouri, 1945, V.A.M.S.

The Atchison County Board of Education prepared a plan of reorganization of the unreorganized school districts of the county. The plan combined Common School Dis-

tricts 4 (Cox Chapel), 5 (Union), 14 (Highland), 15 (Star) and C–2 (Watson) with R–II District (Rock Port). The State Department of Education approved the plan. On January 31, 1966, the county board set an election on the proposal for February 18, 1966. The election was held on that date and the proposal approved by a vote of 660 for and 349 against the proposal. (The vote at Cox Chapel School House was against the proposal, by 37 to 1, at Star School House, against by 75 to 1, at Watson School House, against by 96 to 46, but favorable at Rock Port by 609 to 135.)

The county board met in the evening of February 18, canvassed the results of the election and declared that the election creating the newly formed School District R–II had been legally held. The board fixed March 11 as the date for the election of members to the board of education of the new district.

On March 10, 1966, the action which is the subject of this appeal was filed in the Atchison County Circuit Court by Cox Chapel School District No. 4 and approximately fifty individuals who described themselves as taxpayers of Cox Chapel District and parents of children of school age within the district. The defendants are the Atchison County Superintendent of Schools and the members of the County Board of Education.

The petition alleged that the action of the County Board of Education in including the Cox Chapel District within the proposed reorganized district was an abuse of discretion for the reason that the Cox Chapel District was separated from the remainder of the proposed reorganized district by the Nishnabotna River, across which there are no roads or bridges; that the "only outlet" for school children in the area is into the State of Iowa and children presently residing in the district are being educated in the Hamburg, Iowa Community School District; that the proposed district could serve the Cox Chapel District only by transporting the children 23 to 30 miles, immediately past the Hamburg school.

The petition alleged that the County Board of Education "planned and carried out the plan of reorganization, including the said Cox Chapel School District No. 4 and as such, are depriving the taxpayers of the Cox Chapel School District, the plaintiffs herein, without due process of law in the following: (a) No hearing was held with proper notice to these taxpayers in which they could present their objections and be heard. (b) Property is being taken into the proposed enlarged Rock Port School District and subjected to school taxes in a greatly increased amount while said district is completely unable to serve the school children in this area."

The petition alleged that the planning and proceedings for reorganization were deficient in numerous respects relating to the conduct of the election.

The prayer of the petition was for "a review of the administrative procedures and decisions and for a review of the legality and constitutionality of (the defendants') acts"; for a restraining order "from further acts of reorganization procedure including the election of directors," for a temporary injunction and a permanent injunction against further proceedings for reorganization and for a judgment that the "reorganization procedure be declared null and void."

On the date that the petition was filed, the court issued a temporary restraining order against further acts of reorganization procedure, including the election of directors, and set a hearing on the request for a temporary injunction on March 28.

On March 16, the court amended its restraining order to allow steps to be taken for an election of directors to be held after March 28. On March 28, hearing on the continuation of the restraining order and on the request for a temporary injunction was held. The court, on March 31, dissolved the

restraining order and refused to issue a temporary injunction.

The election of directors for the new R–II District was held on April 5 and the results canvassed and six directors declared elected at a meeting of the County Board of Education on the evening of April 5.

On May 28, the defendants in this case filed a motion to dismiss plaintiffs' petition on the grounds that the petition struck at the organization of a school district and its corporate existence, and that quo warranto was the sole method of raising such questions. On September 19, 1966, the circuit court entered an order sustaining the motion to dismiss. Plaintiffs appealed by special order of this court.

Although respondents have not directly questioned our jurisdiction of this appeal, they do, in their brief, suggest that there are no constitutional questions properly presented. The appellants, in their brief, cite constitutional provisions in support of their first two assignments of error. However, examination of those assignments shows that the points therein raised actually go to the question of whether or not their petition states a cause for relief. That was not the question decided by the trial court. The trial court decided that the appellants were not entitled to seek relief by way of this action because the only method of attacking the validity of the organization of the new district was by quo warranto.

■ A fundamental basis for this court's jurisdiction on the grounds that a constitutional question is involved is that the trial court must have considered and passed upon a constitutional question. The situation here is akin to that presented in Harding v. City of Carthage, 171 Mo. 442, 71 S.W. 673. In that case, plaintiff had sought to enjoin a proposed election to authorize the establishment of an electric light plant for the city. The petition "alleged that the acts done and threatened to be done by the city were unlawful for the reason that they were in violation of the constitution of the state." On defendant's motion, the plaintiff's petition was dismissed for failure to prosecute. Plaintiff appealed to the Kansas City Court of Appeals, which transferred the case to the Supreme Court on the grounds that a constitutional question was involved. In holding that the case presented no constitutional question, the Supreme Court stated (71 S.W. 673–674):

"It is said that this appears from the petition, in which it is alleged that the acts done and threatened to be done by the city were unlawful for the reason that they were in violation of the constitution of the state. It seems to us that the sole and only questions presented by this appeal are with respect to the action of the court below in setting the case for trial at the December term of the court during which the summons was issued, when the summons was made returnable to the June term of said court next thereafter, when there was a regular March term which intervened, and in dismissing the suit for want of prosecution. Under the circumstances no other question could be passed upon by this court, hence nothing which would give it jurisdiction; and, as jurisdiction must rest either in this court or the Kansas City court of appeals, it logically follows that it is within that court. It is only when a constitutional question has been properly raised, and passed upon by the trial court, and ruled adversely to the party appealing, that this court acquires jurisdiction upon account of such constitutional question being involved."

■ Here, the only question properly presented by this appeal is whether or not the trial court erroneously dismissed plaintiffs' petition on the grounds that the organization of the new district had been concluded and therefore quo warranto was the only procedure whereby the question of the validity of the formation of the new district could be raised.

Appellants, in their brief, also suggest that the action of the trial court in dismissing their petition without a hearing was a violation of the due process clause of the 14th Amendment to the federal constitution. Numerous cases hold that such an allegation affords no basis for this court's exercise of jurisdiction. Mercantile Trust Co. v. Lyon, Mo.Sup., 195 S.W. 1032, 1033; Finley v. Finley, Mo.Sup., 165 S.W.2d 417.

In view of our conclusion that there is no basis for this court's exercise of jurisdiction of this appeal, we are confronted with the question of proper disposition of the matter, in view of the fact that the appeal was by special order of this court. In the case of State v. Hartman, 282 Mo. 680, 222 S.W. 442, Division Number Two of this court held that the provisions of what is now § 477.080, RSMo 1959, V.A. M.S., (then § 3938, RSMo 1909), for transfer to the proper appellate court of appeals sent to the wrong court had no application to appeals by special order, and that, if the court which allowed the appeal did not have jurisdiction, the appeal must be dismissed and may not be transferred.

In Platies v. Theodorow Bakery Co., 334 Mo. 508, 66 S.W.2d 147, the court en banc approved and applied the Hartman ruling.

In Winslow v. Sauerwein, Mo.App., 272 S.W.2d 836, the St. Louis Court of Appeals transferred to the Supreme Court a case in which the appeal had been by special order of the Court of Appeals. In doing so, the court noted that Hartman and Platies were decided prior to the adoption of the 1945 Constitution; that § 11 of Article V of that instrument was a new provision in the constitution; that such new constitutional provision encompassed "all proceedings reviewable on appeal" and did not exclude appeals by special order. The St. Louis Court of Appeals concluded that, under this constitutional provision, the appeal should be transferred to the Supreme Court, as the court properly having jurisdiction of the cause.

The Supreme Court (Division Number Two) considered the Winslow appeal and retransferred the case to the Court of Appeals on the grounds that there was no basis for Supreme Court jurisdiction. 365 Mo. 269, 282 S.W.2d 14. Inasmuch as the court concluded that it had no jurisdiction, the question of transferability of the appeal by the Court of Appeals was not considered.

In our opinion, the St. Louis Court of Appeals properly gave effect to § 11 of Article V in the case of an appeal by special order. The language of the provision does not indicate an intention to exclude such cases. § 11 was presented to the Constitutional Convention as "simply inserted in the interests of justice to prevent the dismissal of appeals and to facilitate the transfer of cases from one court to another where the case got into the wrong appellate court." Part 6, Transcript of Debates of Const. Conv., p. 2614. An all-inclusive application would best serve "the interests of justice" and we therefore transfer this case to the Kansas City Court of Appeals.

Transferred to Kansas City Court of Appeals.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.