City of **KANSAS CITY**, Missouri, a Municipal Corporation, Appellant,

v.

**GRAYBAR ELECTRIC CO.,** Inc., Respondent.

No. 54712.

Supreme Court of Missouri, Division No. 2.

May 11, 1970.

Herbert C. Hoffman, City Counselor, George L. DeBitetto, Associate City Counselor, Kansas City, for appellant.

Alvin D. Shapiro, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, for appellee.

PRITCHARD, Commissioner.

The City of Kansas City seeks to collect from Graybar Electric Company alleged past due and delinquent Occupational License taxes for calendar years 1962 through 1966, inclusive. The Occupational License taxes claimed to be due are based upon ordinances of the City and the total amount prayed for in five counts is $10,051.08, penalties for nonpayment having been waived in the trial court. The dispute between the parties arises over the City's claim that annual gross receipts from sales of merchandise outside the limits of Kansas City are includable for the license tax purposes.

The City asserts as the basis for jurisdiction in this court three grounds: "I. This suit involves a construction of the Constitution of the United States, Article I, Section 8, pertaining to Interstate Commerce. II. This suit involves a construction of the Constitution of the State of Missouri, 1945, in particular Article III, Section 40, pertaining to Local and Special Laws. III. This suit involves a construction of the Revenue Laws of the State of Missouri, in particular Section 92.040, pertaining to the licensing of Merchants and Manufacturers."

The trial court concluded that Article I (57) of the City's Charter is a valid and sufficient basis for enactment of the occupational tax ordinances (§§ 30.260 and 30.1740) imposing such tax on Graybar as a retail or wholesale merchant; the failure to define "merchant" in the Charter or any ordinance does not affect its validity and Graybar tacitly acknowledged (by past conduct) itself to be within the purview of the ordinance term "merchant, wholesale-retail"; the ordinances under consideration are revenue laws which will be construed with reasonable strictness and (importantly) the court stated its conclusion No. 5: "A reasonable construction of the Charter provision and ordinances under consideration is that they were intended to cover sales consummated within the territorial limits of Kansas City and shipments made therefrom. In computing the occupational license tax upon gross receipts, therefore, sales outside the territorial limits of Kansas City must be excluded, since there is no expressed intention to the contrary which intention, in any event, could only be based

upon a legitimate exercise by the city of its taxing power in that area, none of which has been manifested." The trial court further concluded that the pleaded defenses of the City's claim being barred by the statute of limitations, res judicata, collateral estoppel and stare decisis had not been proved by Graybar.

Graybar submits that none of the City's above-asserted grounds place jurisdiction in this court, and directs attention to this statement in the findings of fact of the trial court:

"The only issue in dispute is whether the third category, direct shipment (or drop shipment) sales are properly includable and taxable under the ordinance as gross receipts as the basis for plaintiff's computation of its occupational license tax."

The City, in effect, insists that since Graybar pleaded one constitutional defense and injected others into the case by requesting findings and conclusions of law thereon, they are in the case by reason of this final judgment entered by the trial court:

"* * * [T]he Court now finds all issues in favor of the defendant Graybar Electric Company, Inc. and against the plaintiff Kansas City, Missouri, on Count I, Count II, Count III, Count IV and Count V of plaintiff's petition for the reasons hereinbefore stated in its Findings of Fact and Conclusions of Law * * *."

Before the trial court entered its findings of fact it made this initial entry: "* * * and the Court having taken said cause under advisement, now once again takes up and considers said cause and makes and enters its findings of fact and conclusions of law, all proposed findings and conclusions of the respective parties which conflict with the Court's findings and conclusions are hereby deemed refused."

Enlarging in argument, the City says that since Graybar pleaded the defense of any ordinances purporting to give the City authority to tax on interstate shipments were contrary to federal and state constitutions and were void; that it pursued that defense through trial; and that the City requested findings of fact and conclusions of law on the interstate issue (which issue was further involved in a defense of res adjudicata and collateral estoppel based upon a previous adverse ruling to the City in a case involving claims for taxes for different years) "the constitutional defense once raised and pursued cannot be waived." It is further said by the City that Graybar asked the court for a favorable ruling that Merchants' Tax ordinance, § 30.1740, is unconstitutional as being special legislation contrary to Mo.Const.1945, Art. III, § 40. The argument is that this unpleaded defense, being interjected and pursued at trial, is a direct attack on the constitutionality of § 30.1740. As to its assertion that this case involves a construction of (revenue law) § 92.040, RSMo 1959, V.A.M.S., by reason of the trial court's conclusion No. 5, above, the City claims the issue was preserved as a point of error in its motion for new trial.

In order for this court to have appellate jurisdiction based upon the existence of a constitutional question, it must appear that the trial court considered and passed on the same. Cox Chapel Sch. Dist. No. 4 of Atchison County v. Atchison Co. Sup. of Schools, Mo., 426 S.W.2d 913, 915 [1], where Harding v. City of Carthage, 171 Mo. 442, 71 S.W. 673, 674 was quoted: " 'It is only when a constitutional question has been properly raised, and passed upon by the trial court, and ruled adversely to the party appealing, that this court acquires jurisdiction upon account of such constitutional question being involved.' " See also Community Fire Protec. Dist. of St. Louis County v. Board of Education of Pattonville Consol. School Dist. R–3, Mo., 312 S.W.2d 75, 76, as to the necessity of a constitutional right being denied a party by the trial court. Graybar here, although not the appealing party, has

not attempted to preserve any constitutional question presented in the trial court in the event it does not prevail on the merits.

 As to the City's contention that a constitutional issue is now in the case by reason of Ground I, supra (the burden on interstate commerce issue), the trial court's conclusions do not affirmatively show that such was ruled adversely to the City. It appears, rather, that by conclusion No. 5, supra, the trial court based its judgment upon a construction of the taxing ordinances alone as evinced by an intention therein found to limit application of the ordinances to sales consummated within the territorial limits of Kansas City and shipments made therefrom. The trial court found that there was no expressed intention to the contrary, and the additional language (even if it could be construed to be a constitutional limitation of taxing power because of a burden on interstate commerce) "in any event, could only be based upon a legitimate exercise by the city of its taxing power in that area, none of which has been manifested" is not the basis of the ruling. That basis is only a lack of intention on the part of the City to tax sales occurring outside of its territorial limits. The City's motion for new trial (par. 4) erroneously states that the basis for the trial court's judgment was that the "drop shipments" from points outside the state to customers therein were excludable from gross receipts as being in interstate commerce and in violation of the federal and state constitutions. There is no ruling that the ordinances constitute local and special laws as contended in jurisdictional Ground II above, and nowhere does it appear that the trial court construed § 92.040, RSMo 1959, V.A.M.S. That section merely authorizes cities of over 300,000 inhabitants to license, tax and regulate the occupation of merchants and manufacturers. It was said in Fischbach Brewing Co. v. City of St. Louis, 337 Mo. 1044, 87 S.W.2d 648, 651 [6, 7], followed in State ex rel. and to Use of Bouckaert Bros. et al. v. Mathews, Mo., 159 S.W.2d 767 [1–3], that the power of a city to impose a license tax under delegated statutory authority does not involve a construction of the revenue laws of this state.

There existing no basis for appellate jurisdiction in this court, the case is transferred to the Kansas City Court of Appeals.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN, J., and DIXON, Special Judge, concur.

FINCH, J., concurs in result in separate concurring opinion filed.

FINCH, Judge (concurring in result).

I concur in the transfer of this case to the Kansas City Court of Appeals and hence concur in the result reached in the principal opinion. We do not have jurisdiction.

This case was decided by the Circuit Court on the basis of an interpretation of the language of the Kansas City Occupational License Tax Ordinance. That court concluded that the sales of merchandise which were in dispute were not covered by the language of the ordinance in question and hence were not subject to tax. Review of the correctness of that interpretation of the language of the ordinance does not fall within our jurisdiction and the amount involved is less than the sum which mandatorily confers jurisdiction on this court.

Constitutional defenses were raised by Graybar but they were not reached or decided because the trial court resolved the issue on the basis of statutory interpreta-

tion. Graybar has not urged any of these constitutional defenses as alternative bases for relief on appeal if the trial court's interpretation of the ordinance is not upheld. Consequently, there are no constitutional issues involved in this appeal.

I cannot concur completely in the principal opinion because there are statements therein relating to appellate jurisdiction of cases involving constitutional issues with which I disagree. My views were recited in a concurring opinion in State ex rel. State Highway Commission of Missouri v. Wiggins, No. 54,383, decided by Division 2 on February 18, 1970. That case was transferred on the court's own motion to the Court en Banc where it now is pending. Presumably, the questions raised will be resolved in that case. For that reason, it would serve no useful purpose to elaborate on those views in this concurring opinion.