### REED v. HOWELL COUNTY, *Appellant.*

#### Division Two, November 20, 1894.

Attachment: COUNTY. A county is not liable for damages arising from a wrongful attachment of property.

*Appeal from Texas Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED.

*James Orchard* and *M. B. Clarke* for appellant.

(1) The county is not liable for consequential damages to private property unless it is expressly given by statute. 2 Dillon on Mun. Corp. [3 Ed.], sec. 987; *Reardon v. St. Louis Co.*, 36 Mo. 555; *Swineford v. Franklin*, 73 Mo. 279. (2) If plaintiff in this case has a cause of action it is for a malicious attachment; as a county, if liable at all, would only be liable for the maliciously suing out the attachment, and that would have to be pleaded, which is not done in this case. 14 Am. and Eng. Encyclopedia of Law, page 36, and notes. *Brown v. Cape Girardeau*, 90 Mo. 377.

*H. D. Green* and *Olden & Orr* for respondent.

(1)   Where a county acts in a private capacity, for its own local benefit, it is liable for damages resulting from such action, as would be a private corporation in like circumstances.   *Hanon v. St. Louis Co.*, 62 Mo. 314; *Kincaid v. Hardin Co.*, 53 Iowa, 430; *Bigelow v. Randolph*, 14 Gray, 541; 2 Dillon on Mun. Corp., sec. 762.   (2) A county is permitted to sue in attachment without giving the bond required of private parties, and when it accepts the benefits of this law it should be held liable in damages for its abuse, like private corporations or individuals.   R. S. 1889, sec. 525; *Hanon v. St. Louis Co., supra.*   (3) It is not necessary to allege or prove malice in an action for damages for a wrongful attachment, especially where the extraordinary remedy of attachment is given without requiring a bond.   *Fry v. Estes*, 52 Mo. App. 1; *McLaughlin v. Davis*, 14 Kan. 168; *Reed v. Samuels*, 22 Tex. 114; *Kirksey v. Jones*, 7 Ala. 622; Waples on Attach., p. 113.

SHERWOOD, J.—Howell county sued Robert Reed and "wrongfully attached" his property, to wit:   One hundred and seventy-six head of cattle, valued at $3,500, and garnished a debtor of his who owed him $375 and interest.   Owing to the attachment, the cattle greatly depreciated in value during the pending of the suit, and thirty-six head of them were wholly lost to plaintiff, to his injury in the sum of $1,600.   The debtor of plaintiff, solvent when garnished, became insolvent and died in that condition, whereby plaintiff pocketed a loss of $610.   He also expended $512.50 as attorneys' fees, and $150 in expenses in attending court, whereby he was damaged in the sum of $2,722.50, for which he asked judgment.

These allegations of the petition were admitted on

general demurrer to be true, and the trial court held the petition sufficient in law, and the defendant county declining to plead further, final judgment was entered for plaintiff.

Beginning with *Reardon v. St. Louis Co.*, 36 Mo. 555, it was ruled that that county was not responsible for damages arising from a defective bridge over Gingras river, whereby the husband of the plaintiff lost his life. That case has since been followed in this court in *Swineford v. Franklin Co.*, 73 Mo. 279, where it was held that the county was not liable for filling up a mill race which crossed the county road, thereby virtually destroying the mill of the plaintiff. Two of the judges, however, dissented in that case.

In *Clark v. Adair Co.*, 79 Mo. 536, the bridge over which the plaintiff was crossing fell, inflicting injuries on him, his team and wagon. The *Reardon case* was followed, holding that counties are only *quasi corporations* created by the legislature for certain specific purposes, and that as such they are not responsible for neglect of duties enjoined on them or their officers, unless a right of action is given by statute for such neglect.

In *Hanon v. St. Louis Co.*, 62 Mo. 313, this principal is recognized, and the distinction pointed out between that case and *Reardon's case*. To the same effect see *Jefferson Co. v. St. Louis Co.*, 113 Mo. 619.

There is nothing in the circumstances of this case which serves to distinguish it from any of those cases where the county was held not liable; for it will be presumed, in the absence of any allegation in the petition to the contrary, that the officers of the county in the institution of the suit, which is the subject of the present action, were engaged in the performance of those *public duties*, which were enjoined on them by the *direct authority* of the *state*, and not undertaken by

New Madrid Co. v. Phillips.

those officers for the private benefit or emolument of the county.

Holding these views the judgment must be reversed and the cause remanded. All concur.