THE STATE ex rel. CITY OF KIRKWOOD, Suing at Relation of JOHN F. McMAHON, Petitioner, v. GEORGE G. REYNOLDS et al., Judges of St. Louis Court of Appeals.

**In Banc, April 12, 1915.**

1. **COURT OF APPEALS: Prior Conflicting Decisions.** Under the constitutional provisions declaring that "the last previous rulings of the Supreme Court on any question of law or equity shall, in all cases, be controlling authority in said court of appeals," the divergence of opinion which will authorize the Supreme Court upon *certiorari* to quash the opinion and judgment of a Court of Appeals, is a contrary holding on a given "question of law or equity;" and rulings upon a question of law or equity may be the same, although a different state of facts may call for such rulings.

2. ———: ———: **Title to Real Estate.** If the announcement in its opinion by the Court of Appeals that the case under consideration does not affect the title to real estate within the meaning of the statute, does not conflict with the last previous decision of the Supreme Court upon the question, the latter's writ of *certiorari* should be quashed; but if, on the contrary, such announcement does conflict with such last previous decision, the record of the Court of Appeals (which includes its opinion) should be quashed.

3. **JURISDICTION: Suit on Special Tax Bill: Affecting Title to Real Estate.** An action to enforce the lien of a special tax bill is one affecting title to real estate, and under the statute (Sec. 1753, R. S. 1909) must be brought in the county in which the land lies; and a decision of the Court of Appeals holding to the contrary, is in conflict with the prior decisions of the Supreme Court, especially State ex rel. v. St. Louis Court of Appeals, 67 Mo. l. c. 200, and should be quashed upon *certiorari*.

*Certiorari.*

RECORD QUASHED.

*Rodgers & Koerner* for relator.

(1) An action on a special tax bill is an action *in rem* and is brought to subject a particular piece of

property to the judgment of the court; it must therefore be brought where the land is situated. Carr v. Coal Co., 96 Mo. 149. (2) Title to real estate may be "affected" within the meaning of Sec. 1753, R. S. 1909, although not "involved" within the meaning of section 12, article 6, of the Constitution. Vandeventer v. Bank, 232 Mo. 624; Payne v. Savings Assn., 198 Mo. 621; Christopher v. Savings Assn., 180 Mo. 568; Bailey v. Winn, 101 Mo. 649; State ex rel. v. Court of Appeals, 67 Mo. 189. (3) A suit upon a special tax bill "affects" the title to real estate within the meaning of Sec. 1753, R. S. 1909. Verdin v. St. Louis, 121 Mo. 124; State ex rel. v. Phillips, 97 Mo. 331; Morey Eng. Co. v. Rink Co., 242 Mo. 241. (4) In construing an ambiguous statute it is proper to consider the objects sought to be accomplished and the practical situation for which provision was attempted to be made. Engineering Co. v. Rink Co., 242 Mo. 261. (5) In construing an ambiguous statute consideration should be given to the universal and long established understanding of bench, bar and general public. Engineering Co. v. Rink Co., 242 Mo. 262.

*H. A. Loevy* for respondents.

(1) This proceeding is *certiorari* solely on the ground that the decision of these respondents is in direct conflict with a prior controlling decision of this, the Supreme Court. Consequently, petitioner must show that there is such a prior controlling decision on the precise and only point in issue, namely, the construction of the word "affect" in Sec. 1753, R. S. 1909. Petitioner admitted at the argument at your bar that there was no such controlling decision. (2) This court must decide this case solely on this point and cannot consider any other points or arguments, no matter whether the Court of Appeals is wholly wrong on every other point or argument that was made or

could have been made or is now made, such as the argument of *ab inconvenienti*, etc. This court will consider and decide the case only on our opinion. Within the scope and province of our jurisdiction, our judgment is final and not reviewable by this court as on appeal or error, but only under our constitutional obligation to follow the last controlling decision of this court. (3) A suit on a special tax bill must be brought where the owners can be served, although that be in a different county than that in which the property is situated. Such a suit is not local and need not necessarily be brought in the county in which it lies. In such suits the title is not affected by the judgment establishing the lien. Sec. 1753, R. S. 1909; Coleman v. Lucksinger, 224 Mo. 1; State ex rel. v. Muench, 225 Mo. 210; State ex rel. v. Deering, 180 Mo. 53; 1 Words and Phr. 239; Nichols v. Voorhis, 74 N. Y. 28; Black Law Dict. 46; 1 Cyc. 1159; Tyler v. Wells, 2 Mo. App. 533; Baird v. Hospital Assn., 116 Mo. 425; 23 Cyc. 353, note 1; Dunn v. Miller, 96 Mo. 336; Brisco v. Longmire, 148 Mo. App. 595; Co. v. McDougall, 19 Cal. App. 562; In re Davis, 32 Okla. 209; Munger v. Crowl, 219 Ill. 12; Hayes v. O'Brien, 149 Ill. 403; Craft v. Railroad, 166 Ill. 580; 22 Ency. Pl. & Pr. 790. (4) A suit on a special tax bill is not *in rem*. Jaicks v. Sullivan, 128 Mo. 177; Perkinson v. Meredith, 158 Mo. 457; State ex rel. v. Bartlett, 147 Mo. App. 133. It is personal (Dunn v. Miller, 96 Mo. 336), and there may by statute be a personal judgment. Barber Co. v. St. Joseph, 183 Mo. 451.

GRAVES, J.—This is a writ of *certiorari* directed to the judges of the St. Louis Court of Appeals. Such judges have complied with the writ and certified up their record for our review. From the record it would appear that at the March term, 1914, of the St. Louis Court of Appeals there were pending three several actions, each entitled "City of Kirkwood, at the

relation of John F. McMahon, plaintiff, v. Alexander H. Handlan, Jr., and Ella Handlan, defendants'' and in the said Court of Appeals were respectively numbered 13839, 13662 and 13663. It appears that these three cases were consolidated for argument and disposition, because they were all between the same parties, and involving the same question. The plaintiff had judgments below and defendants appealed. These judgments the Court of Appeals reversed on the ground that the circuit court of St. Louis county was without jurisdiction. In the opinion filed by the Court of Appeals the situation of the cases is thus stated:

"This is an action to enforce the lien of a special tax bill against certain real property of the defendants located in the city of Kirkwood. The defendant owners of said property resided in the city of St. Louis. The suit was instituted in the circuit court of St. Louis county, and writs of summons were sent to the sheriff of the city of St. Louis, and there served upon defendants. The latter appeared specially and moved to quash the writ, and also to dismiss the action, upon the ground that the circuit court of St. Louis county acquired no jurisdiction by virtue of service upon defendants in the city of St. Louis. These motions were overruled, and the cause coming on for trial, defendants not appearing further, the court rendered judgment sustaining the lien of the tax bill. Thereupon defendants again limiting their appearance, filed a motion to set aside such judgment upon the ground that the court had no jurisdiction to enter the same. This motion was likewise overruled, and defendants have appealed to this court.

"The only question involved is whether an action to enforce the lien of a special tax bill may be brought in the county where the land in question is situated, the defendants being residents of the State, but not of such county and not being found therein. Appellants' position is that this action is governed by section 1751,

Revised Statutes 1909, and must be brought in the county in which the defendant resides, or in which the plaintiff resides and the defendant may be found; whereas, respondent contends that the action is local in its character, and must be brought in the county in which the land lies, and that summons may issue to another county.''

The relator here charges that in the opinion the Court of Appeals has not followed the rulings of this court, as it was required to do by constitutional mandate—Section 6, Amendment of the Constitution of 1884.

The case is therefore one of compact compass. Was our writ improvidently issued or have our brothers of the Court of Appeals failed to heed the last rulings of this court upon the question of law involved? This is the single issue.

I. Singular to say learned counsel for the respondents in their brief have omitted the usual charge that this court has no right to issue a writ of *certiorari*

**Certiorari.** under the facts pleaded by the petition or relator. It is worthy of note, because of the persistency of counsel generally in raising such question in all cases and at all times. The question was raised in the return, but we take it that upon reflection counsel concluded to abandon that claim. We shall so treat it.

II. Counsel for respondents do urge, however, that this court has never passed upon the exact statute in a case exactly like this, and that for such reason

**Conflicting Decisions.** there could be no conflict between the opinion of the Court of Appeals, and the opinion of this court. Counsel couches the point in this language:

''This proceeding is *certiorari* solely on the ground that the decision of these respondents is in

direct conflict with a prior controlling decision of this, the Supreme Court.

"Consequently, petitioner must show that there is such a prior controlling decision on the precise and only point in issue, namely, the construction of the word 'affect' in section 1753, Revised Statutes 1909.

"Petitioner admitted at the argument at your bar that there was no such controlling decision."

Upon this point suffice it to say that the Constitution does not require what is known in common parlance as a "grey mule" case, for the application of our superintending control. The Constitution, section 6 of the Amendment of 1884, says: "And the last previous rulings of the Supreme Court on any question of law or equity shall, in all cases, be controlling authority in said Courts of Appeals."

The divergence of opinion which will authorize this court to quash the opinion and judgment of the Court of Appeals is a contrary holding upon a given "question of law or equity." Rulings upon a "question of law" may be the same, although different states of fact may call for such rulings. In other words, as stated above, there may be a clear contrariety of opinion on a "question of law or equity" without having two cases exact in history or facts—a "grey mule" case is not required.

III. In the case at bar the Court of Appeals, by its opinion, has said that the case of the City of Kirkwood at the Relation of McMahon v. Handlan et al., is not a case wherein the title to real estate "may be affected" within the meaning of section 1753, Revised Statutes 1909. If the doctrine of law thus announced does not conflict with the last

**Actions Affecting Title to Real Estate: Special Tax Lien.** previous ruling of this court upon such a doctrine of law, then our writ should be quashed, but if it does then the Court of Appeals record (which includes the

opinion under the Constitution) should be quashed. A doctrine of law or equity may bear upon and be decisive of the question, although not announced in a case where this exact statute was up for consideration. The statute, supra, reads:

"Suits for the possession of real estate, *or whereby the title thereto may be affected,* shall be brought in the county within which such real estate, or some part thereof, is situated."

It must be noted that the statute includes two classes of cases (1) "suits for the possession of real estate," and (2) "or whereby the title thereto may be affected." If the case in hand falls within the statute, it is under the second clause thereof. Relators claim that it falls within this clause, and respondents contra. The question then is what is meant by this statute in the use of such clause—and further what has been the holding of this court upon this or similar language.

So far as my information goes it has always been the judgment of the bench and bar of this State that suits to enforce the lien of a special tax bill must be brought in the county wherein the land was situated. The general rule is thus stated by SHERWOOD, J., in the early case of Carr v. Lewis Coal Co., 96 Mo. l. c. 155, whereat it is said:

"As a general rule, to which this case forms no exception, it is needless to say that in order directly to subject particular property to the judgment or decree of any court, the suit brought for that purpose must be brought where the thing is."

In the very early case of State ex rel. v. St. Louis Court of Appeals, 67 Mo. l. c. 200, this court said:

"On the 23rd day of March, 1876, the relator filed a petition in the circuit court of St. Louis county, to enjoin a sale under execution of certain real estate in St. Louis, upon the ground that such sale would cast a cloud upon his title. A perpetual injunction was

decreed by the circuit court, and on appeal to the Court of Appeals the judgment of the circuit court was reversed, and the cause remanded. Thereupon the relator applied for an appeal to this court, and the Court of Appeals refused to allow the same. The relator now asks that a writ of mandamus be issued by this court compelling the Court of Appeals to grant him an appeal. His application is founded upon that provision of the Constitution, which declares that appeals shall lie from the decisions of the Court of Appeals to this court, in all cases involving the title to real estate. The suit for injunction prosecuted by the relator is not one involving the title to real estate, within the meaning of the Constitution. The result of the litigation may *affect* the title to real property, as would every suit in which a judgment could be rendered which would be a lien on real estate, but it cannot be said to *involve* the title.''

The italicized words, supra, are the handiwork of HOUGH, J., who wrote that opinion. He expressly holds that suits, the purpose of which are to enforce liens upon real estate, *affect* title, but do not necessarily *involve* title in the constitutional sense which gives this court jurisdiction of the appeal. It is clear to us that there is a marked distinction between the word ''affect'' as used in the statute, supra, and the word *''involved''* as used in the constitutional provision fixing our jurisdiction. The last sentence of the quotation, supra, was quoted with approval in the more recent case of Payne v. Savings Association, 198 Mo. l. c. 621 et seq.

Anything which casts a cloud upon the title to real estate is a thing which *affects* the title to real estate. It may not *involve* the title in the sense of the constitutional provision conferring jurisdiction upon this court, but a suit to declare and foreclose by sale a lien upon land, certainly is a suit which *affects* title to real estate in the sense of conferring jurisdiction

upon the circuit court of the county wherein the land is located, to try and determine such case.

The apparent lien of even a void tax bill has been recognized as a cloud upon title, so as to give jurisdiction to a court of equity to remove such cloud by proper decree. [State ex rel. Bayha v. Philips, 97 Mo. l. c. 339.]

To my mind tax liens, both general and special, and deeds of trust and other like liens, *affect* the title to land, but in suits brought to enforce such liens the title to real estate may not be so involved as to confer appellate jurisdiction on the Supreme Court upon appeal. That a deed of trust affects the title to real estate, is clearly illustrated by the doctrine that if the validity of the deed of trust itself is attacked, title itself will be so involved as to confer jurisdiction here. [Bonner v. Lisenby, 157 Mo. l. c. 167.]

In discussing the question of our jurisdiction in cases *involving* title to real estate it may be that we have at times loosely used the words *"affected"* and *"involved"* but when the cases are fully read there is nothing to change the clear distinction pointed out by HOUGH, J., in the 67 Mo., supra.

The opinion of our brothers of the Court of Appeals does not follow the rulings of this court. They give a construction to the statute involved that grates upon the minds of the bench and bar—a construction totally at variance with the well conceived meaning of the statute as heretofore entertained by both bench and bar. Not having followed our rulings their record should be quashed to the end that they may properly proceed with this case. It is so ordered. All concur, except *Bond, J.,* who dissents on question of our jurisdiction only.