J. P. M. NORMAN and MARY O. NORMAN v. SUMMERFIELD JONES CONSTRUCTION COMPANY, Appellant.—4 S. W. (2d) 1064.

Division Two, March 24, 1928.

*Page & Barrett* and *J. S. Clark* for appellant.

*Green, Green & Banta* for respondent.

HENWOOD, C.—The respondents (plaintiffs below) sued appellant (defendant below), in the Circuit Court of Douglas County, for $176, the alleged value of sand and gravel wrongfully taken and removed from their premises, and asked judgment for treble damages for the alleged trespass, as provided by Section 4242, Revised Statutes 1919. The trial court, without the intervention of a jury, found the issues for plaintiffs and rendered judgment in their favor for

$40. From that judgment defendant was granted an appeal to this court, which it has perfected by filing here a complete transcript of the record, including a duly certified copy of its bill of exceptions. Both sides have filed briefs in this court.

Shortly after the filing in this court of a certified copy of the judgment and the order granting the appeal, defendant filed here a motion requesting the transfer of this cause to the Springfield Court of Appeals, on the ground that this court has no jurisdiction. By order of this court, this motion was taken as submitted with the case, for the purpose of determining whether or not the title to real estate is involved. To settle this question we now look to the record.

The pleadings and judgment, being short, will be quoted in full, as follows:

## "PETITION.

"Plaintiff states that the defendant is a corporation duly organized and incorporated under and by virtue of the laws of the State of Missouri, and subject to sue and be sued as such corporation.

"Plaintiffs for their cause of action state that they are now and were on the first day of July, 1922, owners and in possession of the following described land, to-wit, a part of the Southwest Quarter of the Southwest Quarter of Section 33, Township 27, of Range 16. more particularly described as follows, all that part of the said forty acre tract of land above described lying West of Cow-Skin creek; also that part of the South-East Quarter of the South-East Quarter of Section 32, Township 27, of Range 16, laying North of the said Cow-Skin creek, all in Douglas County, Mo., and that the said defendant, on the 1st day of July, 1922, and from that time to time until the first day of February, 1923, by its officers, agents and employees did wilfully enter in and upon the premises of the plaintiffs above described and did dig up, take and carry away 880 cubic yards of sand and gravel, the same then and there being a part of the said realty, of the value of one hundred and seventy-six dollars, the said defendant then and there having no right or interest in the said sand and gravel.

"Wherefore, plaintiff pray judgment for treble damages as provided by statute, together with their costs."

## "ANSWER.

"Comes now the defendant in the above-entitled cause and for its answer to plaintiffs' petition herein admits that it is a corporation under the laws of the State of Missouri and as such is capable of suing and being sued, but denies each and every other allegation in plaintiffs' petition contained.

"For further answer herein defendant says that during the time in plaintiffs' petition mentioned, it arranged with and purchased

from C. A. Harnden and Lucy L. Harnden, husband and wife, certain sand and gravel located in the S. E. Quarter of the Southeast Quarter of Section Thirty-two (32) Township Twenty-seven (27) Range Sixteen (16) who were the owners of said land, and that defendant did, pursuant to said arrangement and under the direction of said owner, remove certain sand and gravel from the above-described land to be used on a state road; that the plaintiffs at all times herein mentioned and at all times mentioned in plaintiffs' petition, were aware of the fact and knew of their own personal knowledge that the arrangement with the owners of the above-described land of the defendant herein had been made for the disposition of said sand and gravel, and that during all the times in which said sand and gravel were being removed by the defendant, the plaintiffs were present and personally knew that the defendant was so removing said sand and gravel, and with such knowledge they failed to notify the defendant herein that they made any claim of ownership in regard to the same; that by their conduct and silence, defendant says that the plaintiffs are now estopped from making any claims of the same.

"*Wherefore,* the defendant having fully answered, asks to be discharged with his costs herein."

"REPLY.

"Now come the plaintiffs in the above-entitled cause and for their reply to defendants answer denies each and every allegation therein contained.

"For further answer plaintiffs state that they are the owners of and have been in possession of the land described more than ten years before the taking of said gravel and was the owner of said gravel when it was taken and that the said C. A. Harnden and Lucy L. Harden from whom defendant claims it had purchased said sand and gravel did not at the time of taking same have any right, title or interest in said sand and gravel; that the gravel and sand so taken were on the North side of Cow-Skin creek and the land of C. A. Harnden and Lucy L. Harnden are on the south side of the creek, the said creek was the established boundary line between the plaintiffs land and the land of Harnden and Harnden by agreement of plaintiff and said Harndens and those under whom they claimed. And having fully replied ask judgment as prayed in the petition."

"JUDGMENT.

"Now on this the 14th day of January, 1925, the same being the third judicial day of the regular 1925 January term of this court the court having heretofore on the 3rd day of the April term, 1924, of this court heard all of the evidence and being fully advised in the premises does find that Cow-Skin creek is the boundary line between

the lands of the plaintiffs herein and C. A. Harnden, and that the plaintiffs herein are the owners of the gravel pit in question,

"Wherefore the court finds the issues in this case for the plaintiffs; and assesses their damages in the sum of forty dollars, it is therefore ordered, adjudged and decreed by the court that the plaintiffs herein have and recover off of and from the defendants the sum of forty dollars, together with their costs in this their behalf expended and that execution issue therefor."

It is apparent at once, on the face of the pleadings and judgment, that the judgment sought and rendered in this case is one for monetary relief only, and that the title to real estate is not "involved," within the meaning of the Constitution; that is to say, the parties to this suit do not seek to directly determine the title to real estate, though, in a remoter sense, such title is indirectly or collaterally involved. [Nettleton Bank v. Estate of McGauhey, 318 Mo. 948; State ex rel. v. Reynolds, 265 Mo. 88, 96, 175 S. W. 575; Price v. Blankenship, 144 Mo. 203, 208, 45 S. W. 1123; Heman v. Wade, 141 Mo. 598, 601, 43 S. W. 162.] And it is also apparent that the appellate jurisdiction of this court does not attach, for any other reason. [Sec. 12, Art. VI, Const. of Mo.] It follows that defendant's motion to transfer this cause to the Springfield Court of Appeals should be sustained. [Sec. 2419, R. S. 1919.] Such transfer, however, would have been ordered by this court, on its own motion, upon an examination of the record.

For want of jurisdiction in this court, this cause is transferred to the Springfield Court of Appeals. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.