STATE OF MISSOURI at the relation of STANLEY WALLACH, Prosecuting Attorney, v. JOHN G. OEHLER ET AL., Defendants, JESSIE B. P. OEHLER, Appellant.—154 S. W. (2d) 781.

Division Two, October 25, 1941.

*Taylor R. Young* and *Richard A. Austin* for appellant.

TIPTON, P. J.—The appellant in her brief states that:

"The jurisdiction of this Court is invoked on the ground that the decree of Div. 2 of the Circuit Court of St. Louis County, Missouri, permanently enjoining appellant from operating, managing or working in or about the Mill Stream Inn, constitutes a violation of

the due process of law provision, Section 30, Article II, of the Constitution of Missouri; providing that no person shall be deprived of life, liberty or property without due process of law."

This question was not raised in the court below, but was raised for the first time in this court. The contention in appellant's brief is as follows:

"The Court, after acquiring jurisdiction, must proceed according to its established modes governing the class to which the case belongs, and cannot transcend in the extent or character of its judgment, the law which is applicable to it. Section 30, Article II; Constitution of Missouri."

The rule is uniform that a constitutional question must be raised at the first opportunity and kept alive in the course of orderly procedure. Otherwise it is waived. If the point is properly raised, which we do not decide (but see Hohlstein v. St. Louis Roofing Co., 328 Mo. 899, 42 S. W. (2d) 573; Federal Land Bank of St. Louis v. Bross, 116 S. W. (2d) 6), it should have been raised in appellant's motion for a new trial. It was raised for the first time in appellant's brief. It was not timely raised and is therefore waived.

As no constitutional question was properly raised, we are therefore without jurisdiction and the cause should be transferred to the St. Louis Court of Appeals. It is so ordered. All concur.