EDWARD A. WINSLOW and BERNICE L. WINSLOW, his wife, Appellants, v. RICHARD SAUERWEIN and JOAN SAUERWEIN, his wife, Respondents, No. 44708—282 S. W. (2d) 14.

Division Two, September 12, 1955.

*Hale W. Brown* for appellants.

*Meyer, Hoester & Coleman* for respondents.

[14] STORCKMAN, J.—This suit in equity was brought by the plaintiffs to enjoin the defendants from using and trespassing upon a thirty foot strip of ground adjoining the east side of plaintiffs' Lot No. 5 in Hillcrest No. 3, a subdivision in St. Louis County. The defendants filed an answer and counterclaim and the case was tried by the court. Judgment was rendered dismissing both plaintiffs' cause of action and defendants' counterclaim. The plaintiffs were allowed a delayed appeal to the St. Louis Court of Appeals, which court held that title to real estate was involved and transferred the case to this court. See Winslow v. Sauerwein, Mo.App., 272 S.W.2d 836.

The amended petition upon which the case was tried consisted of two counts. The first count was substantially the same as the original petition and alleged that [15] the disputed strip was set aside as a private street by those who platted the subdivision and that the plaintiffs were owners in fee simple of that portion of the thirty foot strip east of plaintiffs' lot No. 5. Count II (more fully explained later) claimed only an easement in the disputed strip. Defendants' counterclaim alleged that the thirty foot strip in dispute was an open and public street; that the plaintiffs and the other abutting property owners did not have any right, title or interest in it, and prayed that judgment be rendered declaring the disputed tract to be an open and public street, and further prayed that the "Court ascertain the rights of all parties to this Cross Petition."

The judgment of the trial court dismissing plaintiffs' bill and defendants' counterclaim is as follows:

"This cause having been heretofore submitted to the Court upon the pleadings, evidence and proofs adduced, and the Court having seen and heard the same and being now duly and fully advised of and concerning the premises, finds the issues herein joined in favor of the defendants and against the plaintiffs on Count I and Count II of plaintiffs bill in equity and dismisses plaintiff's bill in equity, and the Court further finds the issues in favor of plaintiff and against defendants Sauerwein on said defendants counter-claim. WHEREFORE, it is ordered and ad-

judged by the Court that plaintiff's bill in equity be and is hereby dismissed, and that defendants Sauerwein take nothing by their counter-claim herein against plaintiffs and that said defendants go hence without day and with their costs herein incurred. Memorandum of Court filed.''

The memorandum referred to in the judgment is as follows:

''After hearing the evidence, reading and considering the briefs and authorities, bearing upon the questions involved, the Court finds as follows:

''1. That plaintiffs are the owners by the entirety of Lot 5 of Hillcrest No. 3, according to plat recorded in Plat Book 30, page 103.

''2. That plaintiffs do not own the fee of the thirty-foot strip in front of their lot, but merely have an interest or easement therein, in common with others similarly situated, to use the same for ingress and egress to their property, above described.

''3. That the thirty-foot strip is not a public street, but a private right-of-way.

''4. That no single owner, alone, of any lot abutting on said right-of-way thirty-feet wide, can maintain a suit of this nature under the circumstances in this case.

''5. That in view of the above, neither plaintiffs Winslow nor defendants Sauerwein (on their counter-claim) can recover, and judgment will be entered accordingly today.''

■ Plaintiffs' motion for new trial was limited to Count II of plaintiffs' petition. The only relief the motion sought was to set aside the judgment and decree ''herein rendered in favor of defendants and against these plaintiffs on Count II of plaintiffs' petition.'' Defendants did not file a motion for new trial, nor did they appeal.

For the purpose of determining the questions involved on this appeal, Count I of plaintiffs' petition and the defendants' counterclaim must be disregarded. The issues made by those pleadings have gone out of the case completely because no allegations of error with respect to their disposition were presented to the trial court by motions for new trial. Section 512.160, RSMo 1949, provides that ''no allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court.'' Rule 3.23 of the Rules of the Supreme Court is even more [16] definitive. Insofar as is pertinent here, Rule 3.23 provides ''Allegations of error, in order to be preserved for appellate review, must be presented to the trial court in a motion for new trial.'' The St. Louis Court of Appeals recognized, in the recent case of Wright v. Ickenroth, Mo. App., 215 S.W.2d 43, that it cannot pass upon matters not relied on in the motion for new trial.

■ The appellate jurisdiction of the supreme court is determined by the kind of questions properly preserved and presented for review

and such questions are not necessarily the same as those contested in the trial court and determined by its judgment. For example, a failure to raise a constitutional question in a motion for new trial waives such question and it cannot be presented for the first time in appellant's brief. State ex rel. Wallach v. Oehler, 348 Mo. 655, 154 S.W.2d 781. The review may be further limited by a failure to mention a constitutional question in the appellate briefs. McGuire v. Hutchison, 356 Mo. 203, 201 S.W.2d 322. The same rule, of course, applies to all grounds upon which the appellate jurisdiction of the supreme court depends, such as the amount in dispute (Lemonds v. Holmes, Mo., 229 S.W.2d 691) and questions involving title to real estate (Pursley v. Pursley, Mo., 213 S.W.2d 291). In the latter case the court stated, 213 S.W.2d 291, 292-293: "Plaintiff did not appeal and the supposed issue of title tendered by the pleadings dropped out of the case."

It is not necessary to determine whether Count I of plaintiffs' amended petition or the defendants' counterclaim involved questions of title to real estate, because the issues raised by these pleadings have not been preserved for review. Shanks v. St. Joseph Finance & Loan Co., Mo., 163 S.W.2d 1017, 1019[4].

In order to determine if title to real estate is involved, we must look to the more limited subject matter of Count II of plaintiffs' amended petition which alleges in substance: Plaintiffs as husband and wife are owners of Lot 5 of Hillcrest No. 3 by reason of a warranty deed duly recorded July 18, 1940; that plaintiffs' immediate predecessors in title, being the owners of all the lots in Hillcrest No. 3, carved thirty feet from the eastern side of Lots 1, 2, 3, 4, 5 and 6, and made a private dedication of the strip so carved; that plaintiffs and other owners of lots in Hillcrest No. 3 have used the private street sometimes referred to as Hillcrest Place as tenants in common and plaintiffs "have an exclusive easement in common with the other lot owners in HILLCREST NO. 3 for the private use of the PRIVATE STREET so marked PRIVATE on the plat of said HILLCREST NO. 3"; that defendants and their agents and servants have trespassed over, along and upon the easement against plaintiffs' wishes; that defendants "have no right, title or interest to the realty so being used by them" and "these plaintiffs along with the other land owners in HILLCREST NO. 3 have an exclusive easement to use the said Private Street"; that plaintiffs have repeatedly asked defendants to desist from using said private street but defendants have refused and threaten to continue the acts of using the realty to which they have no right, title or interest. Plaintiffs allege they have no adequate remedy at law and pray for an order "enjoining defendants and their agents and servants acting under and for them from further using and trespassing over, along and upon the Private Street described in Plat of HILLCREST NO. 3 which is recorded in

Plat Book 30, Page 103, of the St. Louis County Records" and damages of $1000.00.

Besides specific responses to the paragraphs of the petition, the answer of defendants Sauerwein consisted of a general denial and a plea that plaintiffs never owned the street or any portion of it and plaintiffs "have no right, title .or interest in said property as set forth in plaintiffs' petition."[1] We do not need to consider plaintiffs' [17] reply to defendants' counterclaim, since it went out of the case with the counterclaim.

Of the cases cited by respondent, Linders v. Linders, 356 Mo. 852, 204 S.W.2d 229, and Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S.W.2d 25, deal with the methods of determining what issues were submitted in the trial of the case and are not helpful on this appeal. In the Chapman v. Schearf cases, Mo.App., 220 S.W.2d 757, and 360 Mo. 551, 229 S.W.2d 552, both the court of appeals and the supreme court recognized that it was the request in plaintiff's petition that title to the road across defendant's land be quieted that vested appellate jurisdiction in the supreme court. Title adjudication was the very relief sought in that case. In the case at bar, only injunctive relief against trespass is sought by Count II of the amended petition and neither party claims to be the owner of the fee. The collateral or incidental question is whether the easement for traveling is public or private.

The finding in the "Memorandum of Court" that plaintiffs had an interest or easement in common with others similarly situated for ingress and egress to their property, and that the tract was not a public street but a private right-of-way, was decided only as an incident or step in the ultimate disposition of Count II by dismissal. This, the memorandum stated, was because no single owner of any lot abutting on said thirty foot right-of-way could maintain the suit. Consistent with the prior decisions of this court, we hold that this case on appeal does not involve title to real estate within the meaning of Article V, § 3 of the 1945 Constitution of Missouri. In the recent case of Judge v. Durham, Mo., 274 S.W.2d 247 (1955), the controversy was between adjoining landowners with respect to an alleged driveway easement. The relief, granted as prayed, was a permanent injunction against interference with the easement. On appeal this court held (274 S.W.2d l.c. 250): "The mere fact that it may be necessary to determine the existence or the ownership of an alleged easement in order to rule the ultimate issue presented in the cause,

---

[1]The transcript does not show the filing or refiling of an answer to the amended petition, but apparently the parties and court treated the case as if defendants' answer and counterclaim filed to the original petition had been refiled and we so consider it for the present purpose. The pleadings of additional parties brought into the case on application of the original defendants need not be considered since the issues on appeal are between the plaintiffs and defendants Sauerwein.

and that such is done by the trial court, does not give this court appellate jurisdiction on the ground that title to real estate is involved, * * *'' See also McClard v. Morrison, Mo., 273 S.W.2d 225; Gibson v. Sharp, Mo., 270 S.W.2d 721; Pursley v. Pursley, Mo., 213 S.W.2d 291; Norman v. Summerfield Jones Const. Co., 319 Mo. 599, 4 S.W.2d 1064; Sikes v. Turner, Mo., 242 S.W. 940; Heath v. Beck, Mo., 225 S.W. 993; Dillard v. Sanderson, 282 Mo. 436, 222 S.W. 766.

The respondents filed in this court a motion entitled ''Motion to Remand'' which prays that ''the cause be remanded to the St. Louis Court of Appeals, with instructions that the above cause be dismissed.'' Since no grounds exist for jurisdiction in the supreme court, it is ordered that the case be retransferred to the St. Louis Court of Appeals. To that extent only respondents' motion is sustained; in all other particulars the motion is overruled since the court of appeals and not this court has jurisdiction to determine the case on appeal. All concur.