Walter LLOYD, Anna Lloyd, his wife, and *Eugene Hill, Respondents,*

v.

R. L. GARREN, Presiding Judge, Taylor Shearer, Judge Eastern Dist., Lowell Faulkner, Judge Western Dist. as Judges of the County Court of Wayne County, State of Missouri, Appellants.

No. 49442.

Supreme Court of Missouri,

Division No. 1.

April 8, 1963.

Robert A. Bonney, Greenville, and Henson & Henson, Poplar Bluff, for appellants.

Benjamin F. York, Walter H. Pollman, St. Louis, for respondents.

HUNTER, Special Judge.

In 1930 Sarah C. Kelly owned certain land in Wayne County, Missouri. On December 31, 1930, she conveyed a strip through it to the State of Missouri "for the purpose of constructing and maintaining a State Highway on the said land herein conveyed, according to the plans of the State Highway Commission * * *." The State Highway Department constructed on the conveyed strip a highway known as U. S. and Missouri State Highway No. 67.

In early 1960, to straighten out a curve, the State Highway Department constructed a new section of Highway No. 67 and opened it to the public. According to the records of the State Highway Department, on February 9, 1960, it abandoned the mentioned strip.

Plaintiffs, who are the successors in title to Sarah C. Kelly's land, through plaintiff Walter Lloyd, requested in writing of the County Court of Wayne County "a ruling on whether the county intends to maintain and keep open for passage that portion of old Highway No. 67 now abandoned by the State Highway Commission and running through the lands of said Walter Lloyd." On April 18, 1960, the County Court ruled, "* * * it being shown to the court that new right-of-way and new accesses exist abutting on said property and that there is no need for use of the said portion of said highway, it is hereby ordered that said portion of said highway is herewith abandoned by the county court and Wayne County, Mo., and no maintenance shall be performed on said portion of said highway by said county, and that the said Walter Lloyd may close off said portion running through his lands * * *."

Plaintiffs then purchased fencing and at a cost of $150 fenced across and closed off the mentioned portion.

On October 10, 1960, defendants "reconsidered," found a need for the further use of the abandoned road; ordered it to be a public way and maintained by the county, and ordered the Sheriff of Wayne County to remove all impediments and obstruction to free travel upon it.

The prosecuting attorney wrote plaintiffs that "by order of the county court, the public road which runs through your property and which you have, by your own admission, fenced across so that it is presently unusable, is being reopened by the Sheriff of Wayne County. If you wish to litigate what you feel are your rights in this matter we have no objection, but we must advise you and do so now that any future attempt by you to interfere with the free passage of this road will be met by myself and the county court by an injunction action and a criminal prosecution for the obstruction of a public road." Shortly thereafter the fence was removed pursuant to defendants' mentioned order.

Plaintiffs then brought against defendants in their official capacities as the judges of the County Court of Wayne County two actions, later consolidated in the Circuit Court, alleging that they are the owners in fee simple of the abandoned section; that defendants in their official capacities are interfering with their ownership and have held out to the public that the public has the right to use plaintiffs' private property. In their prayer plaintiffs seek (1) a declaration that the land in question reverted to them by reason of the state's abandonment; (2) that defendants be enjoined from interfering with plaintiffs' enjoyment of their property and be required to replace the fencing; and (3) "that title to said abandoned strip as aforesaid be granted to plaintiffs."

In their answer defendants denied plaintiffs were entitled to any relief under their petition and asserted Wayne County had obtained title to the tract by adverse possession, which latter defense they later abandoned.

At the trial evidence of the foregoing mentioned facts was adduced. In open court defendants (1) conceded "we are not setting up here that the public has that (the road) by prescription," and (2) agreed that the two mentioned county court orders dated April 18, 1960, and October 10, 1960, were invalid and beyond their power or authority to make. Defendants also acknowledged that the county court had not accepted this road and now "are barred" from accepting it. Two persons who lived near the abandoned road testified it was convenient for them to use it, and that they preferred to use it rather than to use the new road.

It was defendants' contention at the trial that the State Highway Department had received a fee simple title to the tract through the deed of Sarah C. Kelly but had not made a proper legal abandonment of the tract in that it had not deeded the tract back to plaintiffs and still had title to it.

The circuit court held that plaintiffs are the successors in title to the land conveyed by Sarah C. Kelly; that the conveyance by Sarah C. Kelly granted an easement for State Highway purposes and that as a result of the subsequent abandonment by the State Highway Commission title thereto reverted to plaintiffs. The judgment declared plaintiffs to be the owners in fee of the land, enjoined defendants from interfering with plaintiffs' enjoyment of possession of the land and ordered defendants to either replace the fence within a certain time or pay plaintiffs $150 therefor.

At the outset we are confronted with plaintiffs' motion to dismiss the appeal for the reason, among others, that defendants' jurisdictional statement violates the requirements of S.Ct.Rule 83.05, V.A.M.R. The jurisdictional statement reads: "The defendants seek to be relieved from the judgment of the circuit court of Wayne County, Missouri, in favor of plaintiffs in an action involving title to real estate in Wayne County, Missouri."

The jurisdictional statement fails to comply with the requirements of S.Ct.Rule 83.05 providing, "The brief for appellant shall contain: (1) A concise statement of the grounds on which jurisdiction of the review court is invoked; * * * (b) * * *

Bare recitals that jurisdiction is invoked 'on the ground that the title to real estate is involved' * * * or the statement of similar conclusions * * * are wholly insufficient as jurisdictional statements." See also, Schoenhals v. Pahler, Mo., 272 S.W.2d 228. The remainder of S.Ct.Rule 83.05(b) gives examples of what is contemplated by the rule.

Although the jurisdictional statement is inadequate and appellants' brief in other respects fails to comply with S.Ct.Rule 83.05, in the exercise of our discretion we overrule plaintiffs' motion to dismiss the appeal, and we turn to the transcript to ascertain the jurisdictional basis for the appeal to this court.

■ It is apparent that plaintiffs by means of their present suit are seeking to have title to the questioned premises quieted in them and this they prayed the court to do. The circuit court after first stating that "this case affects title to real estate" found the issues in favor of plaintiffs and ordered "that title to said premises be vested in plaintiffs."

Article V, Section 3, of the Constitution of the State of Missouri, V.A.M.S., grants exclusive appellate jurisdiction to the Supreme Court in all cases directly involving the title to real estate. Here, title to the road strip across plaintiffs' land is directly in dispute. Plaintiffs claim title thereto, and defendants dispute it, saying title is in the State and that as a result plaintiffs have no right to fence off the road and prevent the public from using the road. The trial court by its judgment has held title to be in plaintiffs. Title adjudication was the very relief sought by plaintiffs. The incidental question as proposed by plaintiffs and decided by the court is whether the plaintiffs may have the injunctive relief (or damages) prayed. As we noted in the cases of Chapman v. Schearf, Mo., En Banc, 360 Mo. 551, 229 S.W.2d 552, 553, and Winslow v. Sauerwein, 365 Mo. 269, 282 S.W.2d 14, 17, it is

the request in plaintiffs' petition that title to the road across plaintiffs' land be quieted in plaintiffs that raises a title issue, and the relief granted does directly operate upon the title in some measure or degree. Hence, this court has jurisdiction of the appeal.

■ A suit to quiet title is a special statutory action (Section 527.150 RSMo 1959, V.A.M.S.) to adjudge the respective estate, title, and interest of claimants to land and is an action at law or in equity according to the issues presented by the pleadings. La Presto v. La Presto, Mo., 308 S.W.2d 724. The present action seeking, among other things, injunctive relief has been treated by the parties as one in equity and reviewable as such.

■ The judgment of the trial court was rendered on December 18, 1961. On the fifteenth day thereafter, January 2, 1962, defendants filed their motion for a new trial, and their "motion to set aside verdict." See, S.Ct.Rule 78.02. On January 25, 1962, defendants filed an "amended motion for new trial" and an "amended motion to set aside verdict" endeavoring in them to set up new or additional grounds. S.Ct.Rule 78.02 requires a motion for new trial to be filed not later than 15 days after entry of the judgment. S.Ct.Rule 72.02 requires a motion to set aside verdict to be filed within fifteen days after the reception of a verdict. These amended motions for a new trial and to set aside verdict are a nullity because they were filed out of time, and they cannot be the foundation for the preservation of errors to be complained of on appeal. See, State of Missouri ex rel. Hicklin v. Fidelity & Casualty Co. of New York, Mo.App., 274 S.W.2d 596.

■ The original motions, timely filed, together charged only that "(1) plaintiffs have failed to prove facts sufficient to establish his (sic) claims for relief herein. (2) Said verdict is against the weight of the evidence. (3) Said verdict is against the

law and the evidence and the law under the evidence."

■ Our rule 73.01(d), review on appeal in cases tried without a jury, provides the question of the sufficiency of the evidence to support the judgment may be raised whether or not the question was raised in the trial court. As a group the three grounds of error contained in the original motions at best preserve no more for review than is preserved by Rule 73.01(d), and we proceed under Rule 73.01(d) to review the sufficiency of the evidence to support the judgment. This is in accordance with the well-established principle that unless otherwise authorized we do not pass on assignments of trial error which were not called to the trial court's attention in timely and appropriate motions. See, S.Ct.Rule 79.03; Mayor v. Mayor, Mo., 349 S.W.2d 60; Nickels v. Witschner, Mo., 270 S.W.2d 848.

In their briefs defendants limit their contention to two matters, saying, "The only issues involved in the case at bar is (sic) (1) whether or not the instrument executed by plaintiffs' successors in title conveyed a fee simple title or whether it retained a reversionary interest in the grantors, and, (2) whether or not defendants are liable for damages for removal of the fence constructed by plaintiffs in the event the real property in question reverted to plaintiffs." Accordingly, we limit our consideration on this appeal to these two contentions with which defendants have contented themselves.

First, did the 1930 deed of Sarah C. Kelly convey to the state an easement for public highway purposes or a fee simple estate?

Prior to answering that question it is noteworthy that all the state needed to permit the construction and maintenance of a highway through grantor's land was an easement rather than a fee. Had the State Highway Commission in the exercise of its statutory powers of condemnation condemned the land for the purpose of constructing and maintaining a highway thereon it would have acquired only an easement and not the fee which remains in the condemnee. As we said in State ex rel. Highway Commission v. James, Mo., 205 S.W.2d 534, 537, " * * * our statutes do not authorize the condemnation of the fee for right-of-way. The fee to land taken for right-of-way remains in the abutting owners, subject to the right of the State to construct and maintain a highway for the public use."

■ Even so, in determining what property interest was conveyed by Sarah C. Kelly in her 1930 deed we must examine that deed to ascertain the intent of the grantor as expressed therein, for it is well settled that the cardinal rule in interpretation of a deed is that the intention of the grantor governs. As an aid to ascertaining that intent all the words of the deed within its four corners must be considered together and given effect. Bay v. Stout Sign Co., Mo., 301 S.W.2d 786, 788.

■ Our examination of the deed convinces us that the intent of the grantor as expressed therein was to convey an easement and not the fee. There is an absence of language to indicate the grant of the fee. The land was conveyed to the state "for the purpose of constructing and maintaining a state highway on said land according to the plans of the State Highway Commission," and these quoted words clearly indicate what was being conveyed was less than a fee; namely, an easement for the purpose named. Franck Bros. Inc. v. Rose, Mo., 301 S.W.2d 806(4). Any other construction would be unreasonable, and contrary to the grantor's apparent intent. Defendants' contention the deed granted a fee simple title to the state is without merit.

The second and remaining question may be restated as whether the evidence supports that portion of the judgment ordering defendants to replace the torn down fence within a stated time, and giving plaintiffs judgment for $150 damages against defend-

ants in their official capacities as the judges of the County Court of Wayne County in the event they do not replace the fence.

 While the County of Wayne, as such, is not named a party to this suit it is clear that a judgment for damages against the defendants in their official capacities as the judges of the County Court of Wayne County would have no efficacy or purpose unless it be to place plaintiffs in position to obtain money for damages from the treasury of Wayne County. If Wayne County had been sued as a party for damages for its act of having the fence torn down there could have been no judgment for damages rendered against it because of its immunity from tort liability as a subdivision of the state. See, Cullor v. Jackson Tp., Putnam County, Mo., 249 S.W.2d 393; State ex rel. State Park Bd. v. Tate, 365 Mo. 1213, 295 S.W.2d 167, 59 A.L.R.2d 933; Reed v. Howell County, 125 Mo. 58, 28 S.W. 177. The immunity from tort liability of the county as a subdivision of the state necessarily extends to the members of the county court when sued solely in their representative capacities. See, Gas Service Co. v. Morris, Mo., 353 S.W.2d 645.

What we have said also applies to the mandatory part of the injunction. To order the county court judges in their official capacities to replace the fence is the equivalent of ordering them to incur that expense with county funds. The county's freedom from tort liability precludes such an order. Hence, we have concluded that the evidence is insufficient to support that portion of the judgment which orders the defendants to replace the fence within the stated time and in the event they fail to do so to suffer judgment for $150.

Accordingly, the judgment is affirmed in part and reversed in part as indicated in this opinion, and the cause is remanded with directions to conform the judgment to our ruling. It is so ordered.

All concur.