**STATE ex rel. Robert W. HAMMERSTEIN, Jr., and The American Cancer Society, Missouri Division, Inc. (St. Louis Unit), a Not-For-Profit Corporation, Relators,**

v.

**Honorable Philip G. HESS, Judge of the Circuit Court of Jefferson County, Division No. 2, Respondent.**

No. 56439.

Supreme Court of Missouri, En Banc.

Nov. 8, 1971.

Lupo & Jones, David G. Lupo, St. Louis, for relator, Robert W. Hammerstein, Jr.

Donald S. Hilleary, Clayton, for relator, American Cancer Society, Missouri Division, Inc. (St. Louis Unit), a Not-For-Profit Corporation.

Samuel Richeson, Roland A. Wegmann, Jack C. Stewart, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for Philip G. Hess, Judge.

MORGAN, Judge.

In this original proceeding, relators seek to prohibit respondent judge from proceed-

ing further in Case No. 41,577, now pending in Jefferson County, Missouri.

The record reflects that one Lena M. Kohler created a testamentary trust in 1958 which provided, generally: (1) that the entire net income derived from the trust properties was to be paid in monthly installments to her daughter during the natural life of the latter, (2) that upon the death of the daughter, such payments were to be made to the daughter's husband during his natural life or until he might remarry, and (3) that upon the death of both the daughter and her husband, or his remarriage, the trust would terminate and distribution of all principal and accrued income was to be made to numerous named beneficiaries of which The American Cancer Society, St. Louis Unit, was one. Its interest, as were the interests of the many others so designated, was made contingent by virtue of the further provision that: "This trust may be terminated during the life of my daughter * * * or during the life of my son-in-law * * * during such period when either of them may be the sole beneficiary, if there should be such a course of events or circumstances, that my trustee(s) should deem it best to terminate the same, but such action on the part of the trustee(s) shall not make them liable to the remaining beneficiaries in any way or manner and such distribution shall then be made either to my daughter * * * if living, otherwise to my son-in-law * * * if living."

By letter of October 15, 1970, presumably delivered to all concerned, the trustee advised of the death of the daughter and that he would terminate the trust on January 15, 1971, and make full and final distribution to the son-in-law. Therein, he listed all trust assets and his belief that there existed "a course of events or circumstances" authorizing such action as contemplated by the trust instrument. The listed assets of the trust estate included various shares of stock, a certificate of deposit, and an account in a bank located in St. Louis, as well as real estate consisting of an undivided 1/36th interest in a 40-acre tract in Kansas plus 4.2 acres in Jefferson County, Missouri. The trustee resided in St. Louis County.

On November 10, 1970, The American Cancer Society filed suit, identified as Case No. 316544, in St. Louis County against the trustee and all others interested in the estate. Therein, it was alleged that the decision of the trustee to terminate the trust was "under the circumstances * * * arbitrary, capricious, in bad faith, and constitute[d] a breach of trust." Based on this assertion, the prayer of the petition sought to have (1) the trustee enjoined from terminating the trust, (2) the trustee removed, (3) the trustee ordered to make an accounting, and (4) allowance of attorney fees, and such other relief as might be proper.

On December 2, 1970, other contingent beneficiaries filed suit in Jefferson County against the trustee and, as in the prior suit, joined all interested parties. Similar allegations were made that the trustee's decision was unreasonable, arbitrary, capricious and made in collusion with the son-in-law. In the prayer it was requested (1) that the trustee be declared unqualified, (2) that he be removed, (3) that the court "decree that no such course of events nor circumstances have occurred" as to permit the termination of the trust, (4) that if the court determines the son-in-law has remarried, the trust be terminated and all assets be distributed to the contingent beneficiaries, and (5) that there be an accounting and allowance of attorney fees.

As is readily apparent, the claim asserted in both cases is directed solely toward the trustee and his administration of the trust. With the further assertion that the relief sought was, in fact, identical in both cases, the trustee moved for dismissal of the suit in Jefferson County. This motion was overruled by respondent judge of said county. Two days later, with the desire either to broaden the issues or buttress the propriety of the ruling on the motion to dismiss, plaintiffs in the second suit filed

what was designated as a "Memorandum of Amendment of Prayer of Plaintiffs' Petition." In substance, it was prayed that title to the real estate be quieted in the contingent beneficiaries if it be found that the son-in-law had remarried. It is of interest that there is no suggestion that he had.

Based upon this state of facts, we are asked to prohibit respondent judge from proceeding further in the second case. Relators rely generally on the general venue statute, Section 508.010, RSMo 1969, V.A. M.S., while respondent relies primarily on Section 508.030, which, in part, provides: "Suits for the possession of real estate, or whereby the title thereto may be affected * * * shall be brought in the county where such real estate, or some part thereof, is situated." The latter section has been the subject of numerous opinions by the appellate courts of this state. Three of the most recent are Sisk v. Molinaro, Mo., 376 S.W.2d 175; Bladdick v. Ozark Ore Co., Mo., 381 S.W.2d 760, and Skatoff v. Alfend, Mo., 411 S.W.2d 169. Initially, it should be observed " * * * that there is a marked distinction between the word 'affect' as used in the statute, supra, and the word 'involved' as used in the constitutional provision fixing our jurisdiction," State ex rel. City of Kirkwood v. Reynolds, 265 Mo. 88, 175 S.W. 575, 577, and that the provisions of Section 508.030 have consistently been held to be mandatory. March v. Gerstenschlager, Mo., 322 S.W.2d 743.

To resolve whether or not either suit would "affect" title to real estate, as contemplated by Section 508.030, it is necessary for us to consider the issues raised therein. It is well established that the form of an action is determined by the substance of the petition, and that the demand for relief, or the prayer, is no part of the cause of action. Mo.Digest, Pleading, ☜ No. 49. For this reason, we need not look to the amended prayer filed in the second suit, because " * * * such prayer could not have the effect of converting plaintiff's equitable action in personam into an action 'affecting title to real estate' within the meaning of the section relied upon." State ex rel. South Missouri Pine Lumber Co. v. Dearing, 180 Mo. 53, 79 S. W. 454, 457. Which points up the question as to whether or not the suits being considered, in fact, did involve actions in personam which would place venue in St. Louis County.

In reaching our answer, it is not necessary that we set out both petitions in full. After ignoring the prayers for relief, as well as excluding the conclusions of the pleaders, it is clear from a reading of the facts pleaded that the plaintiffs in both suits seek only to challenge the decision of the trustee to terminate the trust. In other words, their sole contention is that "events or circumstances" are not such as were contemplated by the settlor when the trustee was vested with power to terminate the trust and make full distribution to either of the life beneficiaries. At the moment, at least, we have no interest in the merits of that contention. The attempt to enjoin the trustee from carrying out his decision, even if successful, will only maintain the title to all the assets, both real and personal, in the trust estate. Within the connotation of the word "affect" used in the statute, we do not believe title to real estate will be affected by either suit. The actions being in personam, venue in St. Louis County was proper, and with that court having first acquired jurisdiction of the parties and the subject matter, the second suit involving the same parties and same subject matter should have been dismissed.

A peremptory writ of prohibition should issue, and it is so ordered.

All concur.