**Hoa C. NGUYEN, Plaintiff–Respondent,**

v.

**Wesley T. BUFFINGTON, Defendant–Appellant.**

**No. 28232.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 7, 2007.

John L. Cook, Cook, Barkett, Maguire & Ponder, L.C., Cape Girardeau, for Appellant.

Charles Leible, Sikeston, for Respondent.

PAUL McGHEE, Senior Judge.

The trial court entered a money judgment for Hoa C. Nguyen ("Plaintiff") against Wesley T. Buffington ("Defendant"). However, the court granted Plaintiff's amended motion for new trial, and Defendant appeals from the judgment granting a new trial. We reverse and remand.

A motor vehicle driven by Plaintiff and a motor vehicle driven by Defendant collided on August 5, 2001, and she sued him for personal injuries. In a jury trial on October 4, 2006, Defendant admitted liability, and the trial court submitted the case to the jury on the issue of damages only. The jury unanimously assessed Plaintiff's damages at $12,848.99, the exact amount of her medical expenses, and the trial court entered judgment for that amount on October 25, 2006. On November 3, 2006, Plaintiff filed a "Motion for New Trial and/or Additur," which contained four allegations of error. On November 29, 2006, she filed an amended motion which restated the four allegations of error and added this allegation: "The Plaintiff has acquired newly discovered evidence that a billing code record used extensively by the Defendant at trial was in fact incorrect and being changed by Orthopaedic Associates." On December 7, 2006, Plaintiff filed an affidavit by the administrator of Orthopaedic Associates, to which was attached this note:

> It has been brought to our attention that the code used for [Plaintiff] (726.11 calcifying tendonitis) was not the accurately descriptive code. Dr. Eller has reviewed the chart and feels that 840.9 shoulder sprain would be a more appropriate code based on the documentation in the chart. The documentation of 726.11 was erroneous.

On December 29, 2006, the trial court entered judgment setting aside the jury verdict and placing the case on the trial docket. The judgment recited that the trial court "finds that erroneous information in regard to Plaintiff's medical bills were submitted to the jury through no fault of the Plaintiff or the Defendant but through error of the medical provider.

The issue of medical evidence was extensively argued to the jury."

Plaintiff's evidence at trial was that she received an injury to her right shoulder in the collision. She denied that the impairment of her shoulder resulted from two previous automobile accidents, or that it was a pre-existing condition. Among Plaintiff's treating physicians was Dr. Gordon Eller ("Dr. Eller") of Orthopaedic Associates. On November 16, 2001, Dr. Eller diagnosed Plaintiff as having calcifying tendonitis in her right shoulder, according to one of the medical bills from Orthopaedic Associates.

An x-ray revealed a calcium deposit in Plaintiff's right shoulder, and her expert medical witness testified that this was caused by chronic inflammation. He further testified that it takes at least a year for chronic inflammation to result in calcification. When confronted with the diagnosis of calcifying tendonitis made by Dr. Eller some three months after the collision, he testified that the diagnostic code ("726.11 calcifying tendonitis sho") on the medical bill could have been a clerical error. The medical bill with the questioned billing code had been provided by Plaintiff's attorney to Defendant's insurance company before trial, and it was part of an exhibit introduced by Plaintiff at the trial. Defendant's attorney took Plaintiff's deposition on September 6, 2006, and when he asked her if Dr. Eller had told her that she had calcification in her right shoulder, she did not remember whether he had. Defendant argues that as the billing code reports a diagnosis of calcification of the shoulder, the issue had been raised in discovery before trial. Also, in his opening statement, Defendant's attorney said, "... on November 16, 2001, ... just over three months after this accident I will bring you a record that says she ha[d] calcifying tendonitis in her shoulder." Because the diagnosis was revealed in the pretrial discovery and at trial, Defendant maintains that the claimed newly discovered evidence was not first discovered after the trial.

■ The judgment granting a new trial was based on the allegation added to the amended motion which was not filed within the time allowed by Rule 78.04.[1] Defendant asserts in the first of his two points that the trial court erred in granting the amended motion as Plaintiff is not entitled to a new trial on this allegation because it was not raised until after the expiration of time allowed for filing the amended motion.

A trial court retains control over judgments during the thirty-day period after entry of judgment. Rule 75.01. Within the period, the trial court may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend or modify its judgment. *Id.* Under this rule, the trial court may also, of its own initiative, order a new trial for any reason for which it might have granted a new trial on motion of a party, specifying the grounds therefor. *Id.* After that thirty-day period, the authority of the trial court to grant a new trial is limited to the grounds raised in a timely-filed motion. *McGraw v. Andes,* 978 S.W.2d 794, 801 (Mo.App. W.D.1998). As the trial court did not order a new trial within thirty days after entry of judgment, Plaintiff is not entitled to a new trial under Rule 75.01. *Id.*

Rule 78.01 authorizes the trial court to grant a new trial of any issue upon good cause shown, and a new trial may be granted to all or any of the parties and on all or part of the issues after trial by jury, court or master. However, Rule 78.04 re-

---

1. References to rules are to Missouri Rules of Civil Procedure (2006).

quires that any motion for new trial be filed not later than thirty days after entry of judgment. When a motion for new trial is based on facts not appearing of record, affidavits may be filed which shall be served with the motion. Rule 78.05. The opposing party may file opposing affidavits, and reply affidavits may be permitted by the trial court. *Id.* This rule also permits the parties to present depositions and oral testimony in connection with after-trial motions. *Id.* Rule 78.07 requires, with certain inapplicable exceptions, that allegations of error in a jury tried case must be included in a motion for new trial in order to be preserved for appellate review. This rule also requires that allegations of error based on matters occurring or becoming known after final submission to the trial court or jury be stated specifically. *Id.*

 "A motion for new trial may not be amended to add a new point after the expiration of the time provided by court rule." *Greco v. Robinson,* 747 S.W.2d 730, 734 (Mo.App. E.D.1988). Any amendment to a motion for new trial filed out of time is a nullity. *Id.; Johnson v. Johnson,* 122 S.W.3d 613, 615 (Mo.App. E.D.2003). Untimely amended motions for a new trial are a nullity and cannot be the foundation for preservation of errors to be complained of on appeal. *Lloyd v. Garren,* 366 S.W.2d 341, 344 (Mo.1963).

Notwithstanding the untimeliness of the filing of the allegation of newly discovered evidence, Plaintiff argues that the granting of the new trial was authorized by Rule 78.08. This rule authorizes the trial court, in its discretion, to consider plain error affecting substantial rights at a hearing on a motion for new trial, though not raised in the motion or defectively raised, when the trial court finds that manifest injustice or miscarriage of justice has resulted there-

from. *Id.* However, the trial court did not make such a finding and it did not grant the new trial on that basis. Therefore, the issue of whether a trial court can grant a new trial outside of the thirty-day period after entry of judgment on the basis of plain error is not before us. *Sondergard v. Kansas City Power & Light Co.,* 826 S.W.2d 20, 22 n. 1 (Mo.App. W.D. 1992). Nor does the record before us reflect manifest injustice or that a miscarriage of justice has occurred.

The allegation of error that Plaintiff filed more than thirty days after entry of the judgment was a nullity, and the trial court erred in granting a new trial on this allegation. The trial court lacked jurisdiction to grant the motion on the basis it did because, Plaintiff's allegation of error was not raised within thirty days after the entry of judgment, and the trial court did not grant the new trial within that thirty-day period. *McGraw,* 978 S.W.2d at 801. Therefore, Plaintiff was not entitled to a new trial. Defendant's first point is sustained, and as this point is dispositive of the case, his other point that there was no newly discovered evidence is not addressed.

The trial court erred in granting Plaintiff a new trial, and the case is reversed and remanded to the trial court for reinstatement of the original judgment of October 25, 2006.

BARNEY, P.J., and RAHMEYER, J., concur.